UNITED STATES of America, Appellee,

v.

Bobby J. BERNHARDT, Appellant.

No. 80–1819.

United States Court of Appeals,
Eighth Circuit.

Submitted March 2, 1981.

Decided March 5, 1981.

Grant & MacPherson by Donald W. MacPherson and John M. McKindles, Phoenix, Ariz., for appellant.

Edward G. Warin, U. S. Atty., District of Nebraska and Robert F. Kokrda, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Bobby J. Bernhardt was charged with two counts of willful failure to file an income tax return under 26 U.S.C. § 7203. Evidence admitted at trial showed that Bernhardt had filed joint returns with his wife from 1968 through 1972 but failed to file a return during either 1973 or 1974. In 1975 Bernhardt submitted a 1973 Form 1040 and a 1974 Form 1040 to the Internal Revenue Service, but both forms contained only the words "none" or "object, self-incrimination" in the space where income information was to be listed. No income information was provided on the forms. Further evidence was introduced to show that Bernhardt had sufficient income in 1973 and 1974 to necessitate the filing of returns.

At trial Bernhardt was represented by Mark McClellan with John McKindles as cocounsel. Trial began on May 6, 1980. On May 12 McKindles moved for a continuance of several days because McClellan would be unable to continue Bernhardt's defense due to a family emergency and McKindles needed time to prepare himself to properly conduct the defense. The court denied the motion for a lengthy continuance but did agree to continue the case until the following morning.

During trial the defense attempted to introduce into evidence a copy of *Garner v. United States* (no citation given) and other legal references which Bernhardt claimed to have relied upon in determining that he was not required to file a return, tending to show a lack of intent. The trial court denied admission of the materials into evidence on the ground that legal materials could not properly be submitted to the jury, but did permit testimony regarding the content of *Garner v. United States.* Bernhardt was convicted on two counts of violating Section 7203. On appeal, he alleges that: (1) the trial court abused its discretion in refusing to grant the requested continuance, thus denying his counsel adequate time to prepare his defense; and (2) the trial court erred in denying the admission of the copy of *Garner v. United States* into evidence.

■ Bernhardt maintains that under the circumstances in this case the court abused its discretion in refusing to grant a continuance. The determination of whether a denial of a continuance is arbitrary enough to violate due process depends on "the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964). In *United States v. Little*, 567 F.2d 346, 348–49 (8th Cir. 1977), *cert. denied*, 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1978), this court noted five factors that the trial court must weigh in determining whether to grant a continuance. They are:

1) the nature of the case and whether the parties have been allowed adequate time for trial preparation;

2) the diligence of the party requesting the continuance;

3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance;

4) the effect of the continuance and whether a delay will seriously disadvantage either party;

5) the asserted need for the continuance, with weight to be given sudden exigencies and unforeseen circumstances.

■ The trial court, in refusing to grant the motion for a lengthy continuance, considered the numerous earlier continuances, the conduct of defense counsel in not informing the court of McClellan's situation earlier and the fact that McKindles had entered his appearance as cocounsel. The court apparently felt that the defense had been allowed sufficient time to prepare for trial and that McKindles, as cocounsel, should have been prepared to proceed with the defense. There was no indication that the need for additional time was in any way caused by a lack of cooperation by the prosecution. Furthermore, the court, in detailing the proceedings for the record, seems to suggest a lack of diligence on the part of the defense. The record indicates that the trial court had ample justification for deny-

ing the continuance and did not abuse its discretion.

Bernhardt next contends that the trial court erred in refusing to admit into evidence legal references and citations, and in particular a copy of *Garner v. United States* (no citation given), a court of appeals opinion. The trial court found that under *Cooley v. United States*, 501 F.2d 1249 (9th Cir. 1974), *cert. denied*, 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975), citations and references to legal materials were inadmissible and ordered them deleted from the evidence.

 Under the Federal Rules of Evidence the trial court has broad discretion in determining the relevancy and admissibility of evidence. *United States v. Peltier*, 585 F.2d 314, 332 (8th Cir. 1978), *cert. denied*, 440 U.S. 945, 99 S.Ct. 1422, 59 L.Ed.2d 634 (1979); *United States v. Briscoe*, 574 F.2d 406, 408 (8th Cir.), *cert. denied*, 439 U.S. 858, 99 S.Ct. 173, 58 L.Ed.2d 165 (1978). It is only where the trial court excludes relevant evidence without sufficient justification that a defendant's right to compulsory process is violated. *United States v. Peltier, supra*, 585 F.2d at 332. In *Cooley v. United States, supra*, 501 F.2d at 1253–54, the Ninth Circuit held that the United States Supreme Court opinions on which defendant claimed to have relied were inadmissible to support his contention that he did not act "willfully." That court noted:

> In the orderly trial of a case, the law is given to the jury by the court and not introduced as evidence. It is the function of the jury to determine the facts from the evidence and apply the law as given by the court to the facts as found by them from the evidence. Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be.

 Bernhardt's argument that showing jurors the opinion on which he allegedly relied would tend to prove his lack of intent would require jurors to reach conclusions regarding the law as stated in the opinion. This would no doubt have resulted in the jury being faced to some extent with legal rather than factual questions. The trial court was warranted in excluding the material under Fed.R.Evid. 403 on the ground that it would tend to confuse the jury.

The judgment of conviction is affirmed.