UNITED STATES of America, Appellee,

v.

Robert A. GLEASON, Appellant.

No. 82–2389.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1984.

Decided Jan. 18, 1984.

James M. Rosenbaum, U.S. Atty., Douglas A. Kelley, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., for appellee.

Dennis Cusack, Legal Intern.

Michael G. Parham, Jasper, Ga., for appellant.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Robert A. Gleason was convicted of willfully failing to file income tax returns for the years 1976, 1977 and 1978 in violation of 26 U.S.C. § 7203. On appeal Gleason argues (1) that his cross-examination of the

special agent with respect to the meaning of the tax laws was unduly restricted; (2) that the district court erred in refusing to allow court opinions introduced into evidence to be shown to the jury, and in refusing his counsel the right to use enlarged portions of the opinions in final argument; and (3) that the verdict is contrary to the evidence. We affirm.

■ This court requested both parties to brief the issue of its jurisdiction. The government has done so, although Gleason has not. Appellant was sentenced July 7, 1982 and the order was entered that day. A notice of appeal and a motion to proceed in forma pauperis was mailed to the district court with a cover letter dated July 14, 1982. The tenth day after the entry of judgment was Saturday, July 17, 1983, and under Rule 26(a), FRAP, Monday, July 19, 1983, was the last day under Rule 4(a), FRAP, for the filing of a notice of appeal. The motion to proceed in forma pauperis was filed by the clerk's office Monday, July 19, 1982. The affidavit to support the motion to proceed in forma pauperis as required by Rule 24(a), Fed.R.App.P., was executed and filed July 22, 1982. The motion to proceed in forma pauperis was initially denied August 2, 1982, but referred to a magistrate. A hearing was held by the magistrate on September 8 and on September 14 a recommendation was filed that leave to appeal in forma pauperis be granted. An order was entered September 29, 1982, granting defendant's motion for leave to appeal in forma pauperis. The notice of appeal mailed to the court July 14, 1982 was filed by the clerk on November 15, 1982. Two circuits have held that a motion to proceed in forma pauperis constitutes a notice of appeal pursuant to Rule 4(b). *McDaniel v. Harris,* 639 F.2d 1386, 1388 n. 1 (5th Cir.1981); *Kiger v. United States,* 417 F.2d 1194, 1195 (7th Cir.1969), *cert. denied,* 397 U.S. 1066, 90 S.Ct. 1506, 25 L.Ed.2d 688 (1970). A notice of appeal is timely filed if it is received by the district court within the applicable time period. *Aldabe v. Aldabe,* 616 F.2d 1089, 1091 (9th Cir.1980). We conclude that this court properly has jurisdiction over this case.

Gleason earned $17,713.35 in 1976, $23,-993.14 in 1977, and $19,989.30 in 1978 from his employment as a welder. As he was married he was required to file an income tax return for 1976 if he earned $3,600 and in 1977 and 1978 if he earned $4,700.[1]

Gleason filed no tax returns for the years 1976, 1977 and 1978. When asked by IRS Agent Thomas why he had not filed the returns, Gleason told him that he had no income in 1976 and although he worked parttime in 1977 and 1978, he did not make enough to file. He further stated that he was living off his wife's income and she was employed as a receptionist.

Gleason testified that he was given a number of legal opinions by a friend from which he concluded that compensation for labor was not profit and therefore not income, and he had no duty to file income tax returns. He told others that he had joined an organization called the Freedom Forum and for $25 would be defended if he did not pay his taxes. Gleason denied repeatedly that he told others that he refused to pay taxes because the country had gone off the gold standard.

■ Gleason's argument that the verdict is contrary to the evidence is utterly lacking in merit. While he argues that in good faith he believed he was not required to file an income tax return and that the decision was clearly erroneous, the case was tried to a jury. When the evidence is considered in a light most favorable to the prosecution, it is evident that the issues

---

1. Gleason ripped up a Form 1099 showing his earnings for the year 1977 and threw it on the ground when it was given him by the bookkeeper of his employer, and at the same time filled out a Form W–4, Employee's Withholding Allowance Certificate, for 1978 which stated that he was exempt. He told the owner of the welding company when he started work in 1975 that he would not pay income taxes because the country had gone off the gold standard and he was not being paid in real money. On other occasions he told the owner that the payment of taxes was voluntary. There was testimony that he belittled other employees on payday for having taxes withheld.

were for determination by the jury. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Lodwick,* 410 F.2d 1202 (8th Cir.) *cert. denied,* 396 U.S. 841, 90 S.Ct. 105, 24 L.Ed.2d 92 (1969). The elements of violation of § 7203 are proof of failure to file the returns and willfulness in doing so. Willfulness under this section requires proof only of a voluntary, intentional violation of a known legal duty. *United States v. Pohlman,* 522 F.2d 974 (8th Cir.1975), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976). Good faith disagreement with the law does not negate willfulness. *United States v. Karsky,* 610 F.2d 548, 550 (8th Cir.1979), *cert. denied,* 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980). Circumstantial evidence is sufficient to prove willfulness. *United States v. Campbell,* 619 F.2d 765 (8th Cir.1980).

▉ Gleason called the special agent as a witness, and his argument concerning restriction of his examination of the special agent is extremely general and points to no specific testimony that was improperly excluded. The argument violates Rule 28(e), Fed.R.App.P. Our study of the transcript reveals that the only areas in which the agent's cross-examination was limited dealt with the general investigatory practices of the IRS and legal conclusions. Objections to these questions were sustained on the grounds of irrelevance and because they sought legal conclusions. We find no abuse of discretion in the rulings on evidence in this case. The district judge has broad discretion in determining relevancy and admissibility of evidence. *United States v. Bernhardt,* 642 F.2d 251, 253 (8th Cir.1981). Irrelevant testimony was properly excluded in this case. *United States v. Weir,* 679 F.2d 769, 770 (8th Cir.1982).

Gleason also argues that the district court erred in refusing to allow exhibits which were copies of court opinions to be passed to the jury, and in refusing to allow his counsel to use enlarged portions of the opinions during closing argument. Although the jurors were not given copies of these opinions, passages from them were read to the jurors and Gleason was allowed to testify that he relied on them in refusing to file tax returns.

▉ District judges have considerable discretion in deciding whether exhibits should be sent to the jury, and we can disturb such rulings only if we find a clear abuse of discretion. *United States v. Wilson,* 665 F.2d 825, 829–30 (8th Cir.1981), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982); *United States v. Parker,* 491 F.2d 517, 521 (8th Cir.1973), *cert. denied,* 416 U.S. 989, 94 S.Ct. 2396, 40 L.Ed.2d 767 (1974). Since it is the district court's duty to instruct the jury on the law applicable to the case, and not the jury's duty to interpret the law, we find no abuse of discretion in the district court's refusal to distribute the opinions to the jurors. As we have previously observed:

> In the orderly trial of a case, the law is given to the jury by the court and not introduced as evidence. It is the function of the jury to determine the facts from the evidence and apply the law as given by the court to the facts as found by them from the evidence. Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be.

*United States v. Bernhardt,* 642 F.2d 251, 253 (8th Cir.1981) quoting *Cooley v. United States,* 501 F.2d 1249, 1253–54 (9th Cir. 1974), *cert. denied,* 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975).

▉ Similarly, there was no abuse of discretion in refusing to allow Gleason's counsel to use enlarged portions of the opinions in closing argument. We said in *United States v. Pruitt,* 487 F.2d 1241, 1246 (8th Cir.1972) that the trial court has broad discretion to control closing argument, and absent a clear showing of abuse, its discretion will not be overturned. We find no such showing of abuse in refusal to allow enlarged portions of the opinions to be used in closing argument. Again, Gleason had testified to most of the passages and the materials were before the jury.

We have carefully considered the claims of error advanced by Gleason and find them to be without merit. Accordingly, we affirm the judgment of conviction entered by the district court.