**UNITED STATES of America, Appellee,**

v.

**Donald W. LINGO, Appellant.**

**No. 84–1367.**

United States Court of Appeals, Eighth Circuit.

Submitted July 23, 1984.

Decided Aug. 13, 1984.

Donald W. Lingo, pro se.

W. Asa Hutchinson, U.S. Atty., Fort Smith, Ark., Deborah J. Groom, Asst. U.S. Atty., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Donald W. Lingo appeals from his conviction under 18 U.S.C. § 153 for misappropriating funds from a bankruptcy estate for which he was acting as trustee. For reversal, he argues that the district court abused its discretion in denying Lingo's motion for a continuance and that trial on the merits subjected Lingo to double jeopardy. We affirm.

## I. CONTINUANCE.

After his indictment for misappropriating over $7,000, Lingo was arraigned on January 24, 1984, and trial was set for March 5, 1984. On February 3, 1984, Lingo moved unsuccessfully for a forty-five-day continuance to obtain counsel.

■ The Supreme Court has held that the trial court is vested with broad discretion in considering continuances. *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983). Only an "unreasoning and arbitrary 'insistence on expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Id.*, citing *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d·921 (1964).

■ This Court has set forth five factors which the trial court must weigh in considering motions for continuance:

1) the nature of the case and whether the parties have been allowed adequate time for trial preparation;

2) the diligence of the party requesting the continuance;

3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance;

4) the effect of the continuance and whether a delay will seriously disadvantage either party;

5) the asserted need for the continuance, with weight to be given sudden exigencies and unforeseen circumstances.

*United States v. Bernhardt*, 642 F.2d 251, 252 (8th Cir.1981).

From our review of the record, we are satisfied that the trial court adequately considered these factors. Lingo is an attorney and the charge he faced was simple enough to be tried to a jury in one day. Lingo's trial was held nearly three months after his indictment and then weeks after arraignment, which suggests that he had adequate time for preparation or retention of counsel. In his motion for continuance, Lingo did not allege special complications or lack of government cooperation, nor does he now assert that he suffered any material prejudice. *See United States v. Olson*, 697 F.2d 273, 275 (8th Cir.1983) (measure of trial court's proper use of discretion in whether appellant was materially prejudiced by denial of continuance). Therefore, we hold that the trial court's denial of the motion for continuance was not an abuse of discretion.

## II. DOUBLE JEOPARDY.

Lingo also suggests that he was twice placed in jeopardy by the judgment of contempt that was entered against him for his failure to appear at a bankruptcy court hearing and by his conviction on the merits in the case at bar.

■ We find that the judgments against Lingo are for different offenses and do not subject him to double jeopardy. This Court has previously stated that "punishments for contempt of court and a conviction under indictment for the same acts are not within the protection of the constitutional prohibition against double jeopardy." *O'Malley v. United States*, 128 F.2d 676, 684 (8th Cir.1942), *rev'd on other grounds*, 317 U.S. 412, 63 S.Ct. 268, 87 L.Ed. 368 (1943). *Accord United States v. Rollerson*, 449 F.2d 1000, 1003 (D.C.Cir.

1971). In the circumstances of this case, we note that Lingo's contempt citation was for his failure to comply with the order of the bankruptcy court to appear before it. Alternatively, his conviction under 18 U.S.C. § 153 was for misappropriation of funds. Although the two judgments are necessarily related, the elements of the two offenses differ significantly and they do not constitute double jeopardy.

Accordingly, the judgment of the district court is affirmed.