**UNITED STATES of America, Plaintiff,**

v.

**Robert A. HAWLEY, Defendant.**

**No. CR84–40010–01.**

United States District Court,
D. South Dakota, S.D.

Aug. 28, 1984.

John J. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for plaintiff U.S.

John N. Gridley III, Sioux Falls, S.D., and Guy G. Curtis, Imperial, Neb., for defendant Hawley.

## MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTIONS FOR A MISTRIAL, JUDGMENT OF ACQUITTAL AND NEW TRIAL

NICHOL, Senior District Judge.

The defendant in the above-entitled action was indicted on April 18, 1984. The indictment charged the defendant with three counts for violating 26 U.S.C. section 7203—willful failure to file a federal income tax return for the years 1977, 1978, and 1979. On July 2, 1984, jury trial proceedings were commenced. On July 3, 1984, the defendant filed a motion for a mistrial on the grounds that the Court by its actions so prejudiced the jury that the defendant could not receive a fair trial. The written motion sets forth specific actions which the defendant argues supports the motion for a mistrial. The government filed a resistance to this motion on July 12, 1984. The case was submitted to the jury at 11:45 A.M. on July 5, 1984, and a verdict was returned at 2:45 P.M. on July 6, 1984. The jury found the defendant not guilty as to Count I of the indictment concerning calendar year 1977 but found the defendant guilty as to Counts II and III concerning calendar years 1978 and 1979.

On July 9, 1984, a motion for a judgment of acquittal or in the alternative a motion for a new trial was filed on behalf of the defendant. The government filed a resistance to these motions on July 11, 1984. The Court will address defendant's motion for a mistrial first.

■ The first ground alleged by the defendant to support his motion for a mistrial relates to the participation of the Court in the trial. The defendant asserts that the Court aggressively participated in the prosecution of the government's case by objecting to the admission of the entire Internal Revenue Code as an exhibit to go to the jury although the attorney for the government initially stated no objection. The defendant also asserts as a ground for a mistrial that the Court redirected the testimony of a government witness from testifying on the amount of income necessary to require the filing of a return for an individual to the amount required for a person filing a joint return. A further ground relates to the Court asking a government witness concerning what the defendant had said concerning whether he had "income" or "compensation" to support a loan application.

■ None of the above alleged facts constitute grounds for a mistrial. It is the duty of the court to instruct the jury on the law applicable to the case and it is not the jury's duty to interpret the law. *United States v. Gleason,* 726 F.2d 385, 388 (8th Cir.1984). The law is given to the jury by the court and not introduced as evidence. *Id.*

> It is the function of the jury to determine the facts from the evidence and to apply the law as given by the court to the facts as found by them from the evidence. Obviously it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be.

*United States v. Bernhardt,* 642 F.2d 251, 253 (8th Cir.1981) *quoting Cooley v. United States,* 501 F.2d 1249, 1253–54 (9th Cir. 1974), *cert. denied,* 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975); *See also, United States v. Gleason, supra.* To allow the admission of the entire Internal Revenue Code into evidence as an exhibit to go to the jury would have been a clear invasion of the duty of the Court to instruct the jury on the law applicable to the case and cannot be a basis for a motion for a mistrial.

The redirecting of the testimony of the government's witness concerning the statutory filing requirements is also not grounds for a mistrial in that the testimony concerning the filing requirements for a single individual or married filing separately was irrelevant since the defendant had historically filed a joint return with his wife. To allow the testimony regarding the filing requirements for a married individual filing separately would have only confused the jury. The Court did not abuse its discretion in restricting the government's case to the higher filing requirements for married

individuals filing a joint return. The Court also only instructed the jury on the filing requirements for a joint return. *See generally, United States v. Bell*, 734 F.2d 1315 (8th Cir.1984). The Court clearly has the authority to interrogate witnesses whether called by the Court or by a party. Fed.R. Evid. 614(b).

The defendant's assertion that a mistrial is necessary based upon the Court's question to a government witness concerning defendant's statements concerning "income" or "compensation" is also without legal merit. The defendant's argument or theory that his compensation from his labor is not income was without any legal merit and the Court properly instructed the jury that 26 U.S.C. section 61 includes as income compensation for labor. *See also, United States v. Safety Car Heating & Lighting Co.*, 297 U.S. 88, 99, 56 S.Ct. 353, 358, 80 L.Ed.2d 500 (1936); *Helvering v. Edison Bros. Stores, Inc.*, 133 F.2d 575, 579 (8th Cir.), *cert. denied*, 319 U.S. 752, 63 S.Ct. 1166, 87 L.Ed.2d 1706 (1943); *United States v. Richards*, 723 F.2d 646, 648 (8th Cir.1983).

■■■ Alleged errors in instructing the jury on the law are not the basis for a mistrial. Whether the defendant had "income" sufficient to require him to file a tax return in 1977, 1978, and 1979 was a question for the jury. The Court also has the authority to interrogate witnesses, and a party may object to such questions and preserve such objections on appeal. No grounds for a mistrial can be predicated on the Court's alleged conduct set forth in defendant's motion for a mistrial in paragraph (1)(a), (b), (c). The defendant's claims set forth in paragraph (2) of the motion are also not grounds for a mistrial.

■■■ The defendant's claim contained in paragraph (3) of the motion that the Court indicated to the jury by his comments to defense counsel that the defendant has no right to present any evidence to show that he reasonably relied on statutes and court cases in deciding not to file and to negate willfulness is not a proper reflection of the record. The Court repeatedly told defense counsel that he could have the defendant or other witnesses testify that they relied on specific statutes or specific court cases in deciding not to file a tax return but he would not allow copies of the statutes or cases to be marked as exhibits to go to the jury. The defendant in fact was allowed to read passages from statutes or the entire statute as well as passages from court cases and to testify that he relied upon them in making his decision not to file a tax return. This procedure was approved by the Eighth Circuit Court of Appeals in *United States v. Gleason, supra* at 388, decided January 18, 1984. The *Gleason* case was decided within the exact context as asserted by the defendant here. This procedure is predicated on the duty of the court to instruct the jury on the law and the duty of the jury to decide the case on the law as instructed by the court and not to interpret the law. *Id.; See also, United States v. Blumhardt, supra.* There was no abuse of discretion by the Court in applying this procedure. It is hereby the order of this Court that defendant's motion for a mistrial be denied.

■■■ The defendant has also moved the Court for a judgment of acquittal or in the alternative a new trial. The defendant's motion for a judgment of acquittal pursuant to Fed.R.Crim.Proc. 29 is totally without merit. In passing on a motion for a judgment of acquittal, the Court must consider the evidence in a light most favorable to the prosecution and determine whether the evidence presented is sufficient to sustain the conviction for the offenses charged in the indictment. Fed.R.Crim.Proc. 29; *United States v. Gleason, supra* at 387–88. The issues in this case as to Counts I, II and III of the indictment were clearly issues for the jury and the evidence is not insufficient to sustain the defendant's conviction by the jury under Counts II and III for willful failure to file tax returns for 1978 and 1979. It is hereby the order of

**1190**

this Court that defendant's motion for a judgment of acquittal be denied.

■ The defendant has, in the alternative, moved for a new trial on the basis that it is required in the interest of justice. *See*, Fed.R.Crim.Proc. 33. The defendant argues that he was substantially prejudiced and deprived a fair trial. This claim is based upon the Court's limiting the cross-examination of Mr. Uthe, one of the government's witnesses, or to recall him as a witness for the defendant, and refusal to allow the defendant's expert witness, Mr. Newberry, to testify. Mr. Newberry was to state his opinion as to the reasonableness of the defendant's beliefs based upon his review of the statutes, cases and literature relied upon by the defendant in deciding not to file a federal income tax return. In addition, the defendant bases this motion on the exclusion of copies of statutes and court decisions as exhibits to go to the jury.

The demands of justice do not require a new trial in this case. The Court properly limited the cross-examination and recalling of Mr. Uthe and precluding Mr. Newberry, the defendant's expert, from stating his opinion since such testimony was irrelevant and sought only for the purpose of eliciting legal conclusions. *United States v. Gleason, supra* at 388. Mr. Newberry's testimony as stated in the defendant's offer of proof was defendant's beliefs that he did not have to file a tax return were reasonable based upon the statutes, court decisions and literature relied upon by the defendant in making this decision not to file. This opinion was not based upon his personal knowledge of the defendant's state of mind but was a legal conclusion based upon his review of the statutes, cases and literature submitted to him by the defendant. Mr. Newberry's opinion represented a legal conclusion which was not an appropriate subject for expert testimony, and such testimony would not have assisted the trier of fact to understand the evidence or determine the fact in question—the willfulness of defendant's decision not to file a federal income tax return. Fed.R.Evid. 702; *See*,

*United States v. Ellsworth*, 738 F.2d 333 (8th Cir.1984) (Court held that a psychiatrist's conclusory testimony in a failure to file case that the defendant had a good faith belief that the income tax was voluntary was not an appropriate subject for expert testimony and because of lack of foundation for the opinion).

The defendant cites the case of *United States v. Caserta*, 199 F.2d 905 (3rd Cir. 1952), for the proposition that if the government was allowed to present testimony through an expert witness, the defendant has a right to present an expert to counter such testimony. The *Caserta* case involved a prosecution for income tax evasion in which the government sought to prove its case by the expenditure method. The questions upon which the court allowed the government to use an expert witness concerned complicated figures (facts) to establish defendant's cash withdrawals and cash purchases and not legal conclusions concerning the reasonableness of person's belief as sought by the defendant here and as such the *Caserta* case is distinguishable. The court in *Caserta* left open the initial question presented here whether such testimony was the proper subject of expert testimony. *Id.* at 909. The Court has previously found that Mr. Newberry's testimony was not the proper subject of expert testimony. Furthermore, the defendant did not object to Mr. Uthe the government's expert witness' testimony on the filing requirements on which issue the Court subsequently instructed the jury.

The defendant's arguments based upon the Court's exclusion of copies of statutes and court decisions as exhibits to go to the jury have previously been addressed by the Court in relation to the motion for a mistrial. The procedure adopted by the Court was approved by the Eighth Circuit Court of Appeals in *United States v. Gleason, supra*. The Court's decision to preclude the defendant from offering as exhibits statutes and court decisions was not based

on Fed.R.Evid. 803(18) (learned treatises exception to the hearsay rule). This rule of evidence was merely cited by the Court as a parallel to the procedure it was adopting in that documents governed by 803(18) are not admissible as exhibits to go to the jury but the expert or other witnesses may testify as to these documents and read passages from them. This is exactly what the defendant was allowed to do here. The procedure adopted in *United States v. Gleason, supra,* and utilized by the Court here is consistent with the procedure outlined in Rule 803(18) governing learned treatises.

■ It should also be pointed out for purposes of clarification that the Court's instruction that there was not a requirement that a taxpayer be assessed a tax before he is required to file a federal income tax return or before criminal charges can be brought is consistent with the law in the Eighth Circuit. *See, United States v. Richards,* 723 F.2d 646, 648 (8th Cir.1983). The other assertions made by the defendant are either totally lacking in merit or are assertions that may be preserved for appellate review and would not entitle the defendant to a new trial. It is hereby the order of this Court that defendant's motion for a new trial be denied.

It is the further order of this Court that sentencing of the defendant will be held on the 10th day of September, 1984, at ten o'clock A.M., in the courtroom of the United States District Court in Sioux Falls, South Dakota.