UNITED STATES of America, Appellee,

v.

**Robert A. HAWLEY, Appellant.**

No. 84–2201.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1985.

Decided July 17, 1985.

Rehearing and Rehearing En Banc Denied Aug. 29, 1985.

Guy G. Curtis, Imperial, Neb., for appellant.

John J. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

The defendant, Robert A. Hawley, appeals from the district court's[1] denial of

---

1. The Honorable Fred J. Nichol, United States Senior District Judge for the District of South Dakota.

his motions for a mistrial, judgment of acquittal, and a new trial, 592 F.Supp. 1186. We affirm.

The defendant was indicted for three counts of willful failure to file income tax returns for the years 1977, 1978, and 1979. 26 U.S.C. § 7203 (1982).[2] A jury found the defendant not guilty as to count one, which concerned failure to file in 1977, but did find him guilty as to counts two and three. The defendant was sentenced to imprisonment for a year on each count, and the sentences are to run consecutively.

The defendant argues, first, that the trial court erred by restricting his counsel's cross-examination of one of the government's expert witnesses. On direct examination, the government had asked the witness whether the defendant was required to file income tax returns for 1977, 1978, and 1979. Section 6012, 26 U.S.C. § 6012 (1982) of the Internal Revenue Code specifies who is required to file a return based on income and marital status. The government had presented evidence that the defendant's income for each of the relevant years had far exceeded the income level at which one becomes obligated to file a return. The witness testified that, under these circumstances, the defendant had been required to file an income tax return in each of the relevant years.

During cross-examination, defense counsel referred to various sections of the Code and asked the government's expert for an interpretation of those sections. This line of questioning led to an objection from the prosecution, which was sustained by the trial court on the basis that counsel was trying to evoke conclusions of law from the witness. In its offer of proof, defense counsel stated that the purpose behind the line of questioning was to evoke from the witness an opinion as to whether the defendant's interpretation of the Code had been reasonable. The defendant argues that the trial court erred in limiting cross-examination in this manner. We disagree.

As is true of all types of evidence, the admission or exclusion of expert testimony is a matter left to the sound discretion of the trial court, and evidentiary rulings will not be disturbed unless it is clear that the district court abused its discretion. *Zimmer v. Miller Trucking Co., Inc.,* 743 F.2d 601, 604 (8th Cir.1984); *United States v. Reed,* 724 F.2d 677, 679 (8th Cir.1984); *United States v. Wallace,* 722 F.2d 415, 416 (8th Cir.1983). The district court did not abuse its discretion by limiting defense counsel's cross-examination. The defendant's attorney was asking the witness for two things: an interpretation of the law and an opinion as to the reasonableness of the defendant's beliefs. The witness was not qualified to answer such questions. Nor did the prosecution open the door to this line of questioning. The government simply had asked the witness what § 6012 said and whether, given the facts presented at trial, the defendant was required to comply with that section. Thus, while the government's expert witness did testify as to an ultimate issue in the trial, as is permitted by *Fed.R.Evid.* 704, the witness did not interpret the law, as the defendant insists. It is clear that the law is to be given to the jury by the trial judge, and not introduced as evidence. *United States v. Gleason,* 726 F.2d 385, 388 (8th Cir.1984) (quoting *United States v. Bernhardt,* 642 F.2d 251, 253 (8th Cir.1981)).[3] This is true whether the evidence is introduced as an

2. 26 U.S.C. § 7203 (1982) provides in pertinent part:

Any person required under this title to * * * make a return * * * who willfully fails to * * * make such return * * * shall * * * be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 * * * or imprisoned not more than 1 year, or both, together with the costs of the prosecution.

3. In *Gleason* and *Bernhardt* the court reasoned as follows:

In the orderly trial of a case, the law is given to the jury by the court and not introduced as evidence. It is the function of the jury to determine the facts from the evidence and apply the law as given by the court to the facts as found by them from the evidence. Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be.

726 F.2d at 388 (quoting *Bernhardt,* 642 F.2d at 253).

exhibit, as it was in *Gleason,* or in the form of opinion testimony. Thus the trial court did not err in limiting the defendant's cross-examination of the government's expert witness.

■ The crux of the defendant's case was that he relied on certain statutes and court cases as the justification for failing to file his income tax returns. His second assignment of error on appeal is that the district court erred in not allowing him to ask the government's expert and his own expert witness whether, based on their reading of these statutes and cases, his conclusions were reasonable. Whether the defendant's conclusions were reasonable was not a subject beyond the common understanding of ordinary jurors, and thus the testimony was unnecessary as well as confusing. *United States v. Ellsworth,* 738 F.2d 333, 336 (8th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 528, 83 L.Ed.2d 415 (1984); *Fed.R.Evid.* 702. *See also Zimmer,* 743 F.2d at 604; *United States v. Scavo,* 593 F.2d 837, 844 (8th Cir.1979).

The third assignment of error is that the district court erred by precluding the defendant from testifying about those of the cases he relied on which were decided by other circuits. However, he was allowed to testify about the statutes, Eighth Circuit cases, and United States Supreme Court cases that he relied on. Further, he was allowed to testify generally regarding the formation of his beliefs. We find no abuse of discretion in this ruling. The evidence would have been cumulative and clearly was excludable on that basis. *Fed.R.Evid.* 403.

The defendant's fourth assignment of error is that the district court erred in denying an evidentiary hearing on whether the government had conducted a covert search of the defendant's first class mail. The trial court found that the governmental activity was irrelevant to this case and there is absolutely no evidence in the record that would warrant a reversal of that finding.

■ Finally, the defendant argues that the district court committed prejudicial error by having the defendant's attorney ar-

rested, in the presence of the jury, for contempt. We agree that this action was improper. While counsel's actions were provocative and warranted a finding of contempt, it clearly was error to make the finding and have counsel arrested in the presence of the jury. We can in no way condone such an action. However, in light of the overwhelming evidence of the defendant's guilt, we find that the error did not prejudice his right to a fair trial. The fact that the jury acquitted the defendant of one charge is evidence that it was able to disregard whatever effect the arrest may have had, and to focus on the issues presented to them.

■ We have reviewed each of the defendant's arguments and find them to be without merit. In addition, we condemn the sort of pre-trial tactics which the attorney for the defendant engaged in: the filing of frivolous and malicious motions. As the district court noted, such a practice violates Rule 11 of the Federal Rules of Civil Procedure. We would encourage the district court to impose appropriate sanctions under the Rule if a similar situation arises in the future. We find the antics of defense counsel inexcusable and unethical.

In accordance with our opinion, the verdict is affirmed. Double costs are assessed against the defendant.