798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cornelius OVERTON, Defendant-Appellant.
 No. 85-1620.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1986.
 
 Before KEITH, KRUPANSKY and BOGGS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-appellant, Cornelius Overton, was convicted of four counts of attempted income tax invasion for filing false or fraudulent withholding forms under 26 U.S.C. Sec. 720.[1] Appellant was sentenced to three years imprisonment, of which all but 120 days were suspended, and five years probation. He was also ordered to pay a $5,000 fine. For the following reasons, we affirm the jury's guilty verdict.
 
 
 2
 Appellant first contends" that he did not voluntarily and intelligently waive his Sixth Amendment right to counsel. We disagree. Where a defendant waives his right to counsel, fully understanding the dangers of self-representation, choosing to represent himself "with eyes open", he has made a voluntary and intelligent waiver. United States v. McCaskill, 585 F.2d 189, 190 (6th Cir. 1978). Here, a review of the record indicates that appellant understood his right to counsel and the district court's willingness to appoint counsel, was aware of the consequences of waiver, and nonetheless freely chose to represent himself. Specifically, appellant signed a "Your Rights" form which acknowledged that he was aware and advised of his rights, including his right to retained or appointed counsel at all stages of the proceedings against him. Appellant nevertheless represented himself in all proceedings in the district court. Thus, appellant's waiver of his Sixth Amendment right to counsel was a valid one.
 
 
 3
 Second, appellant contends that the district court judge was biased or prejudiced against him. We disagree. Conclusory rumors or gossip are legally insufficient grounds for disqualification of a judge under 2 8 U.S.C. Sec. 144. See (City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir.) cert. denied, 449 U.S. 834 (1980). What is required are specific "facts which would convince a reasonable man that a bias existed," United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). Here, the affidavit was based on conclusory rumors and alleged no specific facts which would convince a reasonable man that the district judge held a bias against the appellant. This, the district court properly dismissed appellant's Affidavit of Prejudice.
 
 
 4
 Third, appellant contends that the district court improperly denied his continuance motion because the running of the thirty-day period is tolled during pendency of motions under 18 U.S.C. f 3161(h).[2] Again, we disagree. On appeal, rulings on continuances should be disturbed only if the trial court has clearly abused its discretion. United States v. Faymore, 736 F.2d 328, 335 (6th Cir.), cert.denied, 105 S.Ct. 213 (1984). - Appellant's reliance on f 3161 as a basis for extending the time period before which he may be brought to trial is misplaced. Under f 3161(h), exclusions for delay apply only "in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense mist commence." 18 U.S.C. Sec. 3161(h). The section is inapplicable to computations of the thirty-day period before which a trial shall not commence. Since the trial was held within the time limits set by 18 U.S.C. Sec. 3161(c) and the appellant had ample time to prepare his defense, we find the district court's denial of his continuance not an abuse of discretion.
 
 
 5
 Fourth, appellant argues that the district court abused its discretion by excluding certain judicial opinions and a purported summary exhibit offered by appellant. We again disagree. While a defendant may testify that he relied on cases, it is not error nor an abuse of discretion for the district court to refuse to allow copies of the opinions to be introduced as evidence, United States v. Kraeger, 711 F.2d 6, 7-8 (2d. Cir. 1983) (per curiam), or to be passed to the jury. United States v. Gleason, 726 F.2d 385, 388 (8th Cir. 1984). Evidence of the law is excludable given its marginal relevance and serious potential for confusing the jury. Id. We do not believe the district abused its discretion by excluding certain judicial opinions and a purported summary exhibit; especially since the district court permitted appellant to identify the cases, by name, in his testimony and how he interpreted them.
 
 
 6
 Finally, appellant argues that the district court committed reversible error by failing explicitly to invite post charge exceptions. Again, we must disagree. The record indicates that appellant recognized the appropriate time to make such exceptions, and did so. The practice followed in the instant case, taking exceptions immediately after the jury retires, does not violate Fed. R. Crim. P. 30. See Bland v. United States, 299 F.2d 105, 108-109 (5th Cir. 1962). Furthermore, even if the practice did violate the Rule, such a violation is not reversible error unless the defendant is prejudiced. See Hamling v. United States, 418 U.S. 87, 131-135 (1974). Since an examination of the instructions of which appellant complains indicates that he was not prejudiced, we find that the district court did not commit reversible error.
 
 
 7
 Accordingly, we affirm the district court conviction of appellant.
 
 
 
 [1]
 Appellant, a union pipefitter, failed to file income tax returns from 1979 through 1982 and evaded income taxes by filing false W-4's for the same years. During this time appellant joined the Belanco Religious Order tax protest organization
 
 
 [2]
 The district court rejected appellant's argument that the tolling provision of 18 U.S.C. f 3161(h) should be applied in computing the time period between arraignment and trial required by 18 U.S.C. f 3161(c)(2). The district court also found that appellant had ample time to prepare for trial