UNITED STATES of America, Appellee,

v.

**J.L.K., JR., Appellant.**

**No. 89–5143.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1989.

Decided July 18, 1989.

Scott F. Tilsen, Minneapolis, Minn., for appellant.

James T. Walbran, Minneapolis, Minn., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

J.L.K., Jr., appeals from a final judgment entered in the District Court[1] for the District of Minnesota upon a jury verdict finding him guilty of attempted escape in violation of 18 U.S.C. § 751(a). The district court sentenced appellant to a term of 15 months imprisonment, to be served consecutively to the sentence he is presently serving, 3 years supervised release, and a $50 special assessment. For reversal, appellant argues the district court abused its discretion in admitting into evidence federal regulations about the administrative remedy procedure available to federal prisoners, 28 C.F.R. § 542.10–.16 (1988). For the reasons discussed below, we affirm the judgment of the district court.

The facts are not disputed. Appellant is serving a life sentence for his involvement in a racially-motivated homicide. Pursuant to a plea bargain agreement, appellant was prosecuted in federal court for civil rights violations in exchange for his cooperation and testimony against others. Appellant has testified against members of the Ku Klux Klan in murder trials in state court and in civil trials. Because of his cooperation with the authorities, appellant was assigned to the Witness Security Unit in the Federal Correctional Institution at Sandstone, Minnesota, in 1984. The Witness Security Unit is a self-contained facility specifically designed to protect individuals who have testified against others. On June 30, 1988, appellant attempted to escape from the Witness Security Unit.

Appellant's theory of defense was necessity or coercion. He testified that he had almost finished testifying as a witness and was afraid that he would be transferred out of the Witness Security Unit and into the general prison population once his usefulness as a witness was over. Appellant testified that he feared that he would be the target either of revenge by white inmates affiliated with the Ku Klux Klan or of retaliation by minority inmates. Appellant also testified that he knew about the administrative remedy procedure but had not filed a grievance or told any of the Witness Security Unit staff about his fears for his life.

Robert Shearin, the director of the Witness Security Unit, testified that there is an administrative remedy procedure available to inmates and there was no record of any formal grievances filed by appellant about a possible transfer. Over defense objections, the government introduced into evidence the federal regulations about the administrative remedy procedure, 28 C.F.R. § 542.10–.16 (1988) (Exh. 31). Shearin testified that the possibility of a transfer had been discussed informally with appellant but that no recommendation had been made to transfer him out of the Witness Security Unit. Shearin also testified that, during his interview of appellant after the escape attempt, appellant did not claim that he had tried to escape because he was afraid or had been threatened.

The jury found appellant guilty of attempted escape. The district court sentenced appellant to 15 months imprisonment, to be served consecutively to the sentence he is presently serving, 3 years supervised release, and a $50 special assessment. This appeal followed.

Appellant argues the district court abused its discretion in admitting into evidence the federal regulations about the administrative remedy procedure available to inmates. Appellant argues the federal regulations were legal material which should

---

1. The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

not have been introduced into evidence, citing *United States v. Gleason*, 726 F.2d 385 (8th Cir.1984) (per curiam), and the administrative remedy procedure was irrelevant to the defense of necessity or coercion. The government argues the federal regulations were admitted as evidence that alternatives other than escape were available to appellant. The government also argues that the availability of alternatives was relevant to whether appellant had a reasonable opportunity to avoid the threatened harm other than by escaping.

■ "The standard for review of the district court's evidentiary rulings challenged by ... appellant is whether the court abused its discretion." *United States v. Ball*, 868 F.2d 984, 987 (8th Cir. 1989) (citations omitted). We hold that district court did not abuse its discretion in admitting the federal regulations into evidence. First, we do not agree that the federal regulations constituted legal material which should not have been introduced into evidence in this case. The federal regulations were admitted to prove that administrative procedures are available to any inmate who has a complaint about any aspect of his or her imprisonment. Moreover, admission of the federal regulations into evidence was largely cumulative because Shearin had testified about the administrative remedy procedure.

The present case is distinguishable from *United States v. Gleason*, 726 F.2d at 388, in which the defendant sought to send certain court opinions on tax issues to the jury. The court held that the district court properly refused to send the court opinions to the jury because the opinions, and the parties' arguments about what the law is or ought to be, would only confuse the jury. *Id.* In the present case, admission of the federal regulations into evidence did not require the jury to interpret the law or make legal conclusions.

■ We also agree that the availability of administrative remedies, and appellant's failure to use them, was relevant to appellant's necessity or coercion defense. The defense of necessity or coercion requires both a well-grounded fear of immediate death or serious injury and no opportunity to avoid the threatened harm other than the commission of the act, in this case, escape from custody. *E.g., United States v. Wells*, 773 F.2d 230, 231 (8th Cir.1985) (per curiam) (citations omitted). Appellant's failure to make use of available administrative remedies refuted his theory of defense that he faced an actual and immediate threat to his life or safety and had no choice but to escape.

Accordingly, the judgment of the district court is affirmed.