ESTATE OF STANLEY M. CARPENTER, DECEASED, WILLIAM R. THOMAS, ADMINISTRATOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carpenter v. Commissioner
Docket No. 13227-91
United States Tax Court
T.C. Memo 1993-97; 1993 Tax Ct. Memo LEXIS 98; 65 T.C.M. (CCH) 2119; March 23, 1993, Filed *98 An order will be issued granting respondent's motion in limine. Respondent filed a motion in limine to preclude petitioner's expert from submitting a report or testifying on the rights of decedent's spouse under a will under North Carolina State law. Held, expert testimony on State law invades the province of the Court and is inadmissible under Fed. R. Evid. 702. For petitioner: A. Vann Irvin and M. LeAnn Nease. For respondent: Ross A. Rowley. PARR
PARR
MEMORANDUM OPINION PARR, Judge: Respondent filed a motion in limine pursuant to Rule 143(f)[1] seeking to preclude the report and testimony of petitioner's expert witness, Edwin J. Walker, Jr. Mr. Walker is an attorney whose specialty is probate and estate law in North Carolina. His proffered report and testimony seek to apply State law to language of a will to show what rights the surviving spouse would have thereunder. *99 The issue raised in the notice of deficiency is whether a marital deduction under section 2056 is allowed for the value of assets received by the decedent's surviving spouse from settlement of a dispute concerning the will with the decedent's daughter by a prior marriage, but which had been devised in the decedent's will to a testamentary trust. Resolution of the substantive issue will largely depend on this Court's determination of the rights of the surviving spouse in the property in question, under North Carolina law, as applied to certain provisions of decedent's will. The substance of Mr. Walker's proposed testimony was described by petitioner, in its notice of opposition to respondent's motion in limine, as follows: By his knowledge, skill, experience, training and education, Mr. Walker is qualified to testify as an expert witness as to whether, in his opinion, a bona fide evaluation of the will of Stanley Carpenter would recognize that his widow, Ernestine Carpenter, had an enforceable rights [sic] in the decedent's estate such that a will controversy or will contest could be resolved in her favor resulting in the surrender of estate assets to her as surviving spouse *100 and that a bona fide evaluation of her rights supports the Family Settlement Agreement reached.
Mr. Walker is not a fact witness. He was not involved in negotiating the settlement agreement or advising the parties thereto. He did not draft the will. Mr. Walker is an attorney with an extensive estate planning, administration, and probate practice. He is a certified specialist in estate planning and probate law in North Carolina. For purposes of the motion, respondent does not question Mr. Walker's qualification as an expert in his field. The proffered report of Mr. Walker sets forth his legal analysis and conclusions regarding the rights of the surviving spouse in the property in question. It is agreed that his intended testimony at trial will be of a similar nature. Respondent objects on the ground that analysis of State law and its application to the facts in question lies within the exclusive province of the trial judge. Testimony with regard to State law, respondent argues, will not, "assist the trier of fact to understand the evidence or to determine a fact in issue" within the meaning of rule 702 of the Federal Rules of Evidence and, accordingly, does not constitute *101 admissible expert testimony under that rule. We agree. The testimony of an attorney about the law is neither "evidence" nor helpful "to understand the evidence". While it is undoubtedly true that no trier of fact can be an expert in every area of law, the trier is assumed to be capable of understanding, interpreting, and applying the law to the facts. Although the Tax Court has not previously decided this issue, [2] several other Federal courts have considered the question. They are in agreement that an expert may not instruct the court or jury as to applicable principles of law and that the trial judge does not need, nor may he or she defer to, the legal judgment of witnesses. In Marx & Co. v. Diners' Club, Inc., 550 F.2d 505, 512 (2d Cir. 1977), the court held that a securities law expert may not testify as to the legal significance of contractual obligations. The court distinguished the permissible use of expert testimony to explain the practices of the securities business from the improper use of expert testimony to instruct the jury as to applicable principles of law. The court said: Recognizing that an expert may testify to an ultimate fact, *102 and to the practices and usage of a trade, we think care must be taken lest, in the field of securities law, he be allowed to usurp the function of the judge. * * *
Following Marx, the Court of Appeals for the Fourth Circuit held that a partnership's attorney's testimony concerning the meaning and applicability of securities law to transactions at issue was inadmissible. Adalman v. Baker, Watts, & Co., 807 F.2d 359 (4th Cir. 1986). Similarly, the Court of Appeals for the Sixth Circuit held that admission of the testimony of a bankruptcy judge on bankruptcy issues was reversible error. United States v. Zipkin, 729 F.2d 384 (6th Cir. 1984). In United States v. Hawley, 592 F. Supp. 1186 (D.S.D. 1984), affd. 768 F.2d 249 (8th Cir. 1985), the court denied post-trial motions by a defendant convicted of failing to file tax returns. The court refused to permit a defense expert, who was unfamiliar with the defendant's beliefs, to testify, based upon review of statutes and decisions, that the defendant's failure to file was a reasonable construction of the law. *103 [3]
Cases cited by petitioner are not on point. In Estate of Scatena v. Commissioner, T.C. Memo. 1963-290, a letter written by the taxpayer husband's attorneys to the husband was received in evidence to establish the taxpayer's good faith in relying on his personal attorney's advice. The letter was not received as expert testimony but as fact evidence. In Waldrup v. United States, 499 F. Supp. 820 (N.D. Miss. 1980), *104 the court accepted testimony of the taxpayer-wife's and taxpayer-children's attorney with regard to a settlement agreement reached. However, this testimony was in the form of uncontradicted affidavits and was offered as fact evidence, not as expert testimony. We therefore hold that we will not permit petitioner's expert witness to instruct the Court as to applicable principles of State law. [4] Petitioner should make its legal arguments on brief, not through an expert witness. *105 An order will be issued granting respondent's motion in limine. Footnotes
1. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Without objection, expert testimony was introduced by both parties in Estate of Newhouse v. Commissioner, 94 T.C. 193 (1990), to aid in the resolution of a disagreement over the rights and privileges of shareholders of different classes of stock under New York law. Where there is no objection, the objection is deemed to have been waived. See generally Wilson v. Commissioner, T.C. Memo. 1980-288↩. Therefore, Newhouse is not directly applicable to the case at hand
3. See also F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250 (2d Cir. 1987) (proposed expert testimony that service contracts were unenforceable for lack of essential terms was properly excluded on the ground that it amounted to testimony on the law that governed the case, which is the province of the trial judge); cf. United States v. Garber, 607 F.2d 92↩ (5th Cir. 1979) (en banc) (holding reversible error not to permit expert testimony in the context of law that was so unsettled that it bordered on "legal vagueness").
4. Expert testimony on State law is to be distinguished from such testimony concerning foreign law. In A/S Kreditt-Finans v. CIA Venetico De Navegacion, 560 F. Supp. 705 (E.D. Pa. 1983), affd. 729 F.2d 1446 (3d Cir. 1984), the court found that a bank officer was competent to testify to the validity of a Norwegian mortgage even though he was not a lawyer. The court noted that Fed. R. Civ. P. 44.1 authorizes a court to consider any relevant material or source, whether or not admissible under the rules of evidence, in determining an issue under foreign law. Rule 146 is similar. It specifically provides for testimony regarding an issue concerning the law of a foreign country. Such testimony has, in fact, been received by the Tax Court. See, e.g., Angerhofer v. Commissioner, 87 T.C. 814, 819↩ (1986).