# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2036
_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Nebraska.
Steven K. Tolstedt,　　　　　　　*
　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　　Appellant.　　　　　*

_____

Submitted: October 24, 2003
Filed: December 10, 2003

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

After a jury found Steven Tolstedt guilty of willful failure to file tax returns, in violation of 26 U.S.C. § 7203, the district court[1] sentenced him to 10 months imprisonment and 1 year supervised release, and ordered him to pay restitution of $26,501. Tolstedt appeals, and, having reviewed each of his claims of error, we affirm.

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

Specifically, we reject Tolstedt's speedy-trial claims, because he never asserted his right to a speedy trial, he agreed with the government's first request for a continuance, and he makes no showing of prejudice from the eight-month delay between his arraignment and trial.  See United States v. Nazarenus, 983 F.3d 1480, 1483-84 (8th Cir. 1993).  We also find that the evidence, considered in a light most favorable to the prosecution, amply supports the jury's verdict.  See United States v. Brooks, 174 F.3d 950, 955 (8th Cir. 1999) ("willfulness" in criminal tax context requires proof that defendant knew of and intentionally violated legal duty); United States v. Gleason, 726 F.2d 385, 387-88 (8th Cir. 1984) (per curiam) (elements of § 7203 violation; good faith disagreement with law does not negate willfulness, and circumstantial evidence is sufficient to prove willfulness).  In addition, even assuming Tolstedt preserved his objection to the district court's tax-loss finding at sentencing, we conclude that the court's finding, which was supported by the testimony of an Internal Revenue Service Agent, was not clearly erroneous.  See U.S.S.G. § 2T1.1, n.1; United States v. Hart, 324 F.3d 575, 578 (8th Cir. 2003) (standard of review).  We also conclude that, contrary to Tolstedt's contentions, it was permissible for the government to investigate the offense, see United States v. Rosnow, 977 F.2d 399, 409 n.17, 413 (8th Cir. 1992) (per curiam), cert. denied, 507 U.S. 990 (1993), and to charge Tolstedt  by information, see 26 U.S.C. § 7203; Fed. R. Crim. P. 7(a) (concerning use of indictment and information).

The balance of Tolstedt's arguments are either frivolous, cumulative, or do not rise to the level of plain error.  See United States v. Guerra, 113 F.3d 809, 816 (8th Cir. 1997) (when issue is not raised at trial, review is only for plain error, which occurs when obvious error effects defendant's substantial rights); United States v. Robinson, 110 F.3d 1320, 1326 (8th Cir.) (reversal under plain-error standard for arguably improper closing argument would be proper only if error seriously affected fairness, integrity, or public reputation of judicial proceedings), cert. denied, 522 U.S. 975 (1997); United States v. NB, 59 F.3d 771, 774 (8th Cir. 1995) (finding no

miscarriage of justice resulted which justified reversal based on admission of unobjected-to hearsay testimony).  Accordingly, we affirm.

_____