# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1389

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| James Anthony Anderson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 12, 2005
Filed: December 16, 2005

_____

Before BYE, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

James Anthony Anderson appeals the sentence imposed by the district court[1] as unreasonable under 18 U.S.C. § 3553(a). We affirm.

Pursuant to a guilty plea, Anderson was convicted of escape from custody in violation of 18 U.S.C. § 751(a). Based upon Anderson's criminal history, the district court determined Anderson's sentencing range was thirty-seven to forty-six months.

_____

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Anderson moved for a variance from the guideline range under 18 U.S.C. § 3553(a) and asked the district court to impose a sentence of twelve months. The district court, upon consideration of the § 3553(a) factors, determined Anderson was a recidivist who was likely "to continue to repeat crime." The district court concluded Anderson's case did not justify variance from the sentencing range and denied Anderson's motion, sentencing him to thirty-seven months of imprisonment and two years of supervised release, both to run consecutive to his prior sentence. A sentence within the sentencing range established by the United States Sentencing Guidelines is presumptively reasonable. See United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005).

In determining whether a sentence is reasonable, we consider how the sentence measures against the factors set forth in 18 U.S.C. § 3553(a). United States v. Marcussen, 403 F.3d 982, 985 (8th Cir. 2005). "To make the reasonableness determination, we ask whether the district court abused its discretion." United States v. Pizano, 403 F.3d 991, 995 (8th Cir. 2005).

Anderson first argues his sentence is unreasonable because it creates a disparity between his sentence and that of his co-defendant. He argues his entitlement to a twelve-month sentence to ensure parity with his co-defendant. He further argues the reasonableness of a twelve-month sentence is supported by the government's position "[a] sentence of not less than twelve months consecutive would be a reasonable sentence." In its determination of the ultimate reasonableness of a sentence, the district court need not give weight to the government's position. Further, the district court is not obligated to ensure parity among co-defendants with different criminal histories. See 18 U.S.C. § 3553(a)(6). We conclude it was neither unreasonable, nor an abuse of discretion, to impose a sentence higher than received by Anderson's co-defendant given the different criminal histories of the two men.

Second, Anderson argues his sentence fails to sufficiently account for his history and characteristics, including his upbringing, and is therefore unreasonable. The district court considered Anderson's criminal history and background and concluded Anderson's case was not sufficiently unusual to justify variance from the presumptively reasonable guideline range. Although Anderson's upbringing is disheartening and warrants consideration, 18 U.S.C. § 3553(a)(1), we cannot say the district court imposed an unreasonable sentence considering the other § 3553(a) factors, including Anderson's recidivism and violent criminal history.

Finally, Anderson argues his original sentence was excessive because the Bureau of Prisons did not credit some of his time served. This claim was rejected by the district court. Anderson argues a reasonable sentence for the instant offense should account for the Bureau of Prisons' error. This argument is without merit. The subjective belief a prior sentence is invalid is no justification for committing the offense of escape, nor is it a valid basis for adjusting the sentence of a subsequent offense. Cf. United States v. J.L.K., Jr., 880 F.2d 993, 994 (8th Cir. 1989) (per curiam) (holding defendant's failure to utilize administrative and legal remedies to challenge his sentence precluded his use of the defenses of necessity and duress to a charge of escape from custody).

We conclude the sentence imposed by the district court was reasonable and therefore affirm the district court.

_____

-3-