# IN THE COURT OF APPEALS OF IOWA

No. 14-1660
No. 14-1721
Filed November 12, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LARRY ALLEN BELL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

A defendant appeals his convictions for driving while barred as a habitual offender. **AFFIRMED ON BOTH APPEALS.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Katie Krickbaum, Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Larry Allen Bell appeals following two separate convictions for driving while barred as a habitual offender, in violation of Iowa Code sections 321.555(1) and 321.561 (2013). On April 29, 2014, and on June 10, 2014, Bell was observed driving a vehicle, and his license to drive was barred on both of these occasions. Both cases proceeded to jury trials where Bell represented himself with stand-by counsel. Both juries found him guilty as charged, and the court sentenced him accordingly. Bell appeals both convictions, and we combine the appeals in this opinion as both appeals raise the same claims.

Bell maintains the court abused its discretion by preventing him from presenting essential relevant information to the jury regarding his theory of defense. In one trial, the court prevented Bell from having a witness enter into evidence a copy of 18 U.S.C. § 31, and in the other trial, the court prevented Bell from commenting on the Untied State's Supreme Court decision in *Miranda v. Arizona*, 384 U.S. 436 (1966), while testifying as a witness. It was Bell's intention to tell the jury in both cases, through the use of the federal statute and the Supreme Court case, that it was his understanding of the law that his federal constitutional right to travel trumps the State's ability to restrict his travel through the use of licensing requirements.

> In the orderly trial of a case, the law is given to the jury by the court and not introduced as evidence. It is the function of the jury to determine the facts from the evidence and apply the law as given by the court to the facts as found by them from the evidence. Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be.

*United States v. Bernhardt*, 642 F.2d 251, 253 (8th Cir. 1981). As it is the court, and not the defendant, that informs the jury as to what the law is, we conclude the court did not abuse its discretion in preventing Bell from trying to introduce into evidence his interpretation of the law. *See State v. Thomas*, 766 N.W.2d 263, 271 (Iowa Ct. App. 2009) ("Questions of the admissibility of evidence are generally reviewed for an abuse of discretion.").

Bell also asserts his Confrontation Clause rights were violated when the court admitted a certified copy of his driving record. Bell has raised this claim in four other appeals from convictions for driving while barred. *See State v. Bell*, No. 10-2007, 2013 WL 2146471, at *1 (Iowa Ct. App. May 15, 2013), *State v. Bell*, No. 10-2001, 2013 WL 2146465, at *1 (Iowa Ct. App. May 15, 2013); *State v. Bell*, No. 11-0814, 2012 WL 5614002, at *1 (Iowa Ct. App. Nov. 15, 2012); *State v. Bell*, No. 11-1263, 2012 WL 3590752, at *1 (Iowa Ct. App. Aug. 22, 2012). In addition, the Iowa Supreme Court has rejected this claim in *State v. Kennedy*, 846 N.W.2d 517, 523–25 (Iowa 2014). For all of the reasons contained in those five cases, we once again reject Bell's Confrontation Clause argument.

**AFFIRMED ON BOTH APPEALS.**