UNITED STATES of America, Appellee,

v.

Anthony J. TISSI, Appellant.

No. 79–1245.

United States Court of Appeals, Eighth Circuit.

Submitted July 2, 1979.

Decided July 12, 1979.

Rehearing Denied Aug. 6, 1979.

William Wilson, St. Louis, Mo., filed brief for appellant.

Robert D. Kingsland, U. S. Atty., and David V. Capes, Asst. U. S. Atty., St. Louis, Mo., filed brief, for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Anthony J. Tissi was convicted of willfully supplying false and fraudulent information on a withholding exemption certificate (IRS Form W-4E) to his employer, the United States Postal Service. He was sentenced to be imprisoned for one year and to pay a fine of $500.

Tissi contends on appeal that the trial court erred:

(1) in denying his motion for a continuance to enable his newly retained legal counsel to prepare for trial because this denial denied him effective assistance of counsel;

(2) by refusing to permit him to call a "monetary realist" and others as witnesses to testify as to the "nature of the dollar" and how the theory they expounded may have had a bearing on Tissi's intent to violate the law;

(3) by refusing to allow Tissi to examine government witnesses as to the meaning of the terms "dollars" and "income;"

(4) by refusing to acquit Tissi because the government has failed to clear up the confusion surrounding our monetary system; and

(5) by giving improper and confusing instructions as to "willfulness," by failing to instruct the jury that good faith was a complete defense to the charge, and by instructing the jury that if a return was falsely made, it was fraudulent.

■ We find no abuse of discretion in the trial court's refusal to grant the continuance requested. *See Ungar v. Sarafite,* 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); *United States v. Little,* 567 F.2d 346 (8th Cir. 1977), *cert. denied,* 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1978). The court had previously granted a 30-day continuance. The continuance request at issue was not made until the morning of trial, and the nature of the defense to be offered was such that no amount of additional preparation time was apt to have an impact on the result of the trial.

■ We likewise find no merit to Tissi's points 2, 3 and 4. They essentially relate to his belief that "Federal Reserve Notes" are not "income" within the meaning of the Internal Revenue Code and that he, thus, acted reasonably and in good faith when he signed Form W–4E and certified on the form under penalty of perjury that he had incurred no tax liability in 1975 and did not expect to incur a tax liability in 1976. We have held on at least two occcasions that federal reserve notes are taxable dollars, *United States v. Rifen,* 577 F.2d 1111 (8th Cir. 1978); *United States v. Daly,* 481 F.2d 28 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973). Thus, Tissi's defense was not a valid one. Notwithstanding this fact, the trial court permitted Tissi to testify as to his beliefs on the theory that it might go to the issue of willfulness. There was no error in the trial court's refusal to permit the "monetary realist" to testify. His testimony was irrelevant for the reasons previously stated and for the additional reason that his contacts with Tissi occurred after the act for which Tissi was convicted occurred.

■ We finally find no merit to the objection relating to the instructions to the jury. Taken as a whole, the instructions stated the essential elements of the crime. Moreover, no objections were taken to the instructions as given. *See United States v. Hinderman,* 528 F.2d 100 (8th Cir. 1976).

Affirmed.