UNITED STATES of America, Appellee,

v.

Timothy J. WEIR, Appellant.

No. 82–1177.

United States Court of Appeals,
Eighth Circuit.

Submitted June 7, 1982.

Decided June 9, 1982.

Rehearing Denied July 6, 1982.

---

Thomas E. Dittmeier, U. S. Atty., Larry D. Hale, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Timothy J. Weir, *pro se*, appeals his conviction by jury verdict on two counts of failure to file federal income tax returns, a violation of 26 U.S.C. § 7203. We affirm the conviction on both counts.

■ The basis of the charges upon which appellant was convicted consisted of two tax returns which did not contain sufficient income information for a determination of tax liability. Appellant's defense at trial was predicated upon his purported belief that the symbol "dollar" ($) has been rendered a "legal fiction" by this country's monetary system; this belief allegedly led him to assume he was not required to file federal income tax returns for the years in question. Essentially, this defense also comprises appellant's major premise on appeal.

This court has previously rejected challenges concerning the United States monetary system similar to that raised by appellant. *See, e.g., United States v. Tissi*, 601 F.2d 372, 374 (8th Cir. 1979) (per curiam); *United States v. Johnson*, 585 F.2d 374, 376–77 (8th Cir. 1978) (per curiam), *cert. denied*, 440 U.S. 921, 99 S.Ct. 1246, 59 L.Ed.2d 473 (1979); *United States v. Rifen*, 577 F.2d 1111, 1112–13 (8th Cir. 1978) (per curiam). Like the arguments presented in the above-mentioned cases, we find appellant's "legal fiction" contention without merit.

■ Appellant also asserts that the trial court erred in refusing to allow appellant to call an official of the Federal Reserve Bank to testify concerning his defense. For the reasons previously stated, his testimony was irrelevant, *see United States v. Tissi*, 601 F.2d at 374, and was correctly excluded.

We have examined appellant's additional assignments of error and find them to be without merit. The record having disclosed no reversible error, the convictions are affirmed.