**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert C. KRAEGER,
Defendant-Appellant.**

**Nos. 1119, 1120, Dockets 81–1328,
82–1305.**

United States Court of Appeals,
Second Circuit.

Argued April 12, 1983.

Decided April 15, 1983.

Opinion June 21, 1983.

Phylis Skloot Bamberger, New York City (The Legal Aid Society Federal Defender Services Unit, and David Seth Michaels, New York City, of counsel), for defendant-appellant.

* Of the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Robert C. Kraeger, Port Leydon, N.Y., pro se on submission.

Paula Ryan Conan, Asst. U.S. Atty., Syracuse, N.Y. (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., Albany, N.Y., of counsel), for plaintiff-appellee.

Before MANSFIELD, VAN GRAAFEILAND and FRIEDMAN *, Circuit Judges.

PER CURIAM:[1]

Robert C. Kraeger, Jr. appeals from a judgment of the United States District Court for the Northern District of New York, convicting him, after a jury trial before Chief Judge Munson, on four counts of failure to file an income tax return in violation of 26 U.S.C. § 7203 (1976), and two counts of filing false W–4 statements in violation of 26 U.S.C. § 7205 (1976). Appellant was sentenced to one year imprisonment followed by two years of probation. As a condition of probation appellant was required to file income tax returns for 1976–79, and pay taxes and penalties thereon. We affirm both the judgment of conviction and the sentence.

The trial court did not commit error in charging the jury on the element of willfulness. The district court instructed the jury that "a good-faith misunderstanding of the law may negate willfulness but a good-faith disagreement with the law does not." He also charged that a good faith belief that a law was unconstitutional was no defense to the charge of failing to file an income tax return. These were correct statements of the law. See United States v. Ware, 608 F.2d 400, 405 (10th Cir.1979); United States v. Karsky, 610 F.2d 548, 550 (8th Cir.1979), cert. denied, 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980).

The trial court did not abuse its discretion in excluding documentary evidence, including federal court decisions, which appellant claims to have read in forming his opinions regarding the tax laws. Evidence

1. This opinion, originally issued as an unpublished order, is now published pursuant to request.

such as this is likely to confuse a jury on the distinction between questions of law, which are for the court to decide, and questions of fact, which are for the jury. *Cooley v. United States,* 501 F.2d 1249, 1253 (9th Cir.1974), *cert. denied,* 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975).

The trial court did not abuse its discretion in requiring as a condition of probation that appellant file his delinquent income tax returns. *United States v. McDonough,* 603 F.2d 19, 24 (7th Cir.1979).

Finally, appellant's assertion that 26 U.S.C. § 61(a) (1976) as applied to him is unconstitutional is totally devoid of merit. *See United States v. Romero,* 640 F.2d 1014, 1016 (9th Cir.1981).

Affirmed.