**UNITED STATES of America, Plaintiff,**

v.

**George M. HOUSE and Marion M. House, Defendants.**

Nos. G85–23–01, G85–23–02.

United States District Court, W.D. Michigan, S.D.

May 13, 1985.

In pro. per. George M. House and Marion M. House.

Lowell H. Becraft, Jr., Huntsville, Ala., for defendants.

David M. Brown and Dana Boente, Dept. of Justice, Washington, D.C., for plaintiff.

## OPINION ON MOTION IN LIMINE

MILES, Chief Judge.

### Government's Motion in Limine

The government moves to exclude various items of evidence that it anticipates defendant will proffer. The Court will address each request *seriatim*.

1. Evidence challenging the constitutionality of the income tax laws of the United States.

The authority from which the United States income tax laws is derived emanates from the Sixteenth Amendment to the Constitution. The power of Congress to enact revenue laws and to punish violations thereof has been consistently upheld. *Wheeler v. United States*, 744 F.2d 292, 293 (2d Cir.1984); *United States v. Acker*, 415 F.2d 328, 329 (6th Cir.1969), *cert. denied*, 396 U.S. 1003, 90 S.Ct. 553, 24 L.Ed.2d 495 (1970).

 The Court agrees with the government that questions of law are within the Court's prerogative to decide, and that the jury must not be allowed to speculate on such issues as the constitutionality of the internal revenue laws. The potential for jury confusion by allowing defendant to submit opposing opinions of law is enormous. Accordingly, documentary evidence such as federal court opinions regarding the income tax laws shall be excluded. *United States v. Kraeger*, 711 F.2d 6 (2d Cir.1983); *United States v. Gleason*, 726 F.2d 385 (8th Cir.1984).

2. Evidence purportedly establishing defendant's good faith belief that the federal income tax laws are unconstitutional.

■ Defendant is charged with tax evasion and willful failure to file an income tax return. Conviction on either charge requires proof of the essential element of "willfulness." This element may be established by proof that defendant intentionally failed to file tax returns knowing he was legally obligated to do so.

■ Clearly, defendant is entitled to establish that he did not act with the required "willfulness" and to submit such evidence as relevantly bears on his state of mind. *United States v. Burton*, 737 F.2d 439 (5th Cir.1984). A good-faith misunderstanding of the law's requirements negates the element of willfulness, whereas a good-faith belief that the tax laws are unconstitutional, or disagreement with such laws, does not. *United States v. Burton, supra; United States v. Kraeger, supra; United States v. Moore*, 627 F.2d 830 (7th Cir. 1980); *United States v. Grumka*, 728 F.2d 794 (6th Cir.1984).

The government argues:
Defendant has, on numerous occasions, espoused the belief that the Federal income tax laws are unconstitutional and, thus, the Government anticipates that Defendant will attempt to introduce at trial evidence which purportedly led to this belief. Such evidence would then be used to argue that regardless of the correctness of Defendant's belief, Defendant's conduct was not willful. The Government submits that Defendant's belief in the unconstitutionality of the Internal Revenue Code, no matter how sincerely held, is not a defense to the instant charges and, therefore, evidence to that effect is inadmissible.

The Court believes the government's argument excludes too much, and trenches seriously on defendant's right to establish a defense.

■ Clearly, such evidence as tends to establish *only* that defendant believes that the tax laws are unconstitutional, or that he disagrees with such laws, must be excluded. However, to the extent that proffered evidence tends to establish that defendant misunderstood his legal obligations, *regardless of the correctness or credibility* of purported "misunderstandings," defendant must be allowed to introduce such evidence. The government's argument is similar to that made in *United States v. Burton, supra* at 442–443,

> The government, seeking support for its 'objectively reasonable' limitation on good faith misunderstandings of the law defenses, relies on decisions holding that it is not a defense to a willful violation of the Revenue Code for the defendant to act out of a belief that the law is unconstitutional. *See, e.g., United States v. Douglass*, 476 F.2d 260, 264 (5th Cir. 1973); *United States v. Quilty*, 541 F.2d 172, 175 (7th Cir.1976); *United States v. Kelley*, 539 F.2d 1199, 1204 (9th Cir.), *cert. denied*, 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976). It is immediately apparent that the premise of these decisions is that in each case the defendant *knew* of the tax law and was not uncertain about the duty Congress meant to impose.

> Thus, we agree with the government that there is a difference between willful defiance of a statute and ignorance of a statute's existence or meaning. These distinctions, while arbitrary at their edges, distinguish citizens who simply choose not to obey a known duty from those who act out of ignorance or misunderstanding. Although the jury must, in any event, determine whether the defendant willfully violated the statute, these distinctions will control whether or not the defendant's good faith beliefs will provide a defense to the criminal charge as to which the jury should be instructed. Thus, when this issue is raised by the evidence, the jury can be told that in deciding whether the government has met its burden of proving that the defendant acted willfully, they may draw the inference that the defendant was aware of his legal obligation from

acts taken in protest or to express a political view, even though made with conviction and sincerity of purpose. Such inquiries into a defendant's state of mind, while not a quest for a quantifiable and neatly measurable existence, are standard fare for juries. They are the essence of 'black box' decisions.

There is a temptation for judges to decide that a defendant's claim is too incredible. This temptation is reinforced by concern that a defendant is being allowed to escape the reach of settled legal rules by erroneous arguments to a jury in an abuse of the roles of counsel and the court. Moreover, there may be concern that such objective limitations by the judge are necessary to prevent confusing 'proofs' of law as an evidentiary fact. Each such concern is understandable but unfounded. The quick answer is that, apart from constitutional strictures explained in *United States v. Johnson* [718 F.2d 1317 (5th Cir.1983) ], such limitations upon defendants serve no practical purpose, for they will not materially affect the nature of the trial evidence or the trial. A jury is the ultimate discipline to a silly argument. Here the district court was understandably frustrated by the implausibility of Burton's contention, but he ought not have taken the question from the jury.

*Burton* reversed the defendant's conviction after the trial judge instructed the jury that a "good faith belief" that wages are not income is not a defense to failure to file a tax return.

Admittedly, it is difficult to discern from the cases an unambiguous, "bright line" test of what evidence is or is not admissible in alleged tax protest prosecutions. *Burton* allows a defendant to submit evidence of a good faith misunderstanding of his legal obligations, no matter how objectively far-fetched or unreasonable the defendant's contentions may be, as it is for the jury to decide the defendant's state of mind. *United States v. Ingredient Technology Corp.*, 698 F.2d 88 (2d Cir.1983) upheld the district court's exclusion of proffered "expert" testimony regarding interpretation of the tax regulations, *where there was no evidence that the defendant subjectively believed in the lawfulness of his conduct.* A careful reading of *United States v. Gleason*, 726 F.2d 385 (8th Cir. 1984) reveals that the district court permitted the defendant to testify that he *relied on* certain federal court opinions in formulating his beliefs with respect to the tax laws.

Thus, to the extent any proffered evidence shows *only* that defendant believed the income tax laws to be unconstitutional, the government's motion to exclude is GRANTED. However, to the extent such evidence bears on a misunderstanding by defendant of his legal obligations, the motion to exclude is DENIED. Issues of state of mind and credibility are for the jury to decide. The government may be entitled to an instruction similar to that approved in *United States v. Burton*, regarding permissible inferences from conduct as bearing on the issue of willfulness.

3. Evidence challenging the validity of Federal Reserve Notes as legal tender.

■ The government anticipates that defendant may claim he received no "income" in the years in question as he was not paid in gold-or-silver-backed dollars. Evidence that federal reserve notes are not legal tender has been excluded from the jury's consideration. This issue is irrelevant, as the income tax laws are concerned with taxation of "income," not "legal tender." *United States v. Whitesel*, 543 F.2d 1176 (6th Cir.1976); *United States v. Weir*, 679 F.2d 769 (8th Cir.1982). The motion is GRANTED.

4. Evidence alleging that wages are not income.

■ As the Court noted in *United States v. Burton, supra,* at 443–444, in upholding the district court's exclusion of proffered expert testimony that wages are not income,

> Though the credibility of a defendant's assertion that he was ignorant of the tax requirement must be left to the jury, it does not necessarily follow that evidence

regarding the uncertainty of the controlling law is, a fortiori, sufficiently probative to overcome its potential for prejudice and confusion. Though evidence that others shared a misunderstanding of the law may be relevant to the credibility of a defendant's claim that he had a particular belief, under Fed.R.Evid. 403, a trial judge's analysis of admissibility only begins with the decision that proffered evidence is relevant. He must yet weigh its marginal contribution against potential prejudice and confusion, keeping in mind that the judge remains the jury's source of information regarding the law. The Rule 403 balance, when struck by the district court in the first instance, will not be overturned on appeal absent an abuse of discretion. *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir.1981).

Testimony such as that offered by Burton's 'expert' is not admissible as an explication of plausible readings of the statutory language; erroneous legal views which may have been held by the defendant can be described by the trial judge in his instruction on willfulness and good faith, keeping in mind that it is the defendant's state of mind at the time of the accused conduct which is at issue. As noted, a defendant could offer competent evidence that his view was not unique but was shared by others; this evidence might take the form of surveys. While indistinguishable in logical relevance from the opinions of the professor which we find excludable, its weight in the Rule 403 balance, including its reduced potential for confusion and protracted evidentiary side trips, might well lead a district court to admit it.

\* \* \* \* \* \*

Evidence of legal uncertainty, except as it relates to defendant's effort to show the source of his state of mind, need not be received, at least where, as here, the claimed uncertainty does not approach vagueness and is neither widely recognized nor related to a novel or unusual application of the law. It is significant that Burton did not in his proffer suggest that he relied upon the expressed views of the tax professor in not paying his taxes or in inadequately completing the required tax forms.

The motion is granted except insofar as any proffered evidence relates to defendant's state of mind.

5. Third-party testimony regarding defendant's state of mind.

■ Any third-party testimony purporting to establish defendant's belief regarding his tax obligation is inadmissible hearsay. Rule 801 provides that a party's statement is not hearsay only when it is being offered *against* a party. The state-of-mind exception in Rule 803 expressly excludes the admission of any "statement of memory or belief to prove the fact remembered unless it relates to the execution, revocation, identification or terms of declarant's will." *United States v. Cohen*, 631 F.2d 1223 (5th Cir.1980). The motion is GRANTED.

6. Documentary evidence purportedly relied on by defendant in determining that he was not required to file federal tax returns.

■ The government correctly notes that defendant is entitled to claim reliance upon documents such as tax protest books, federal court decisions, and the like. However, introduction of such materials would have great potential for jury confusion and would obscure the Court's role as decider of the applicable law. *United States v. Kraeger, supra.* The motion is GRANTED.

7. Evidence regarding civil procedures for collecting taxes.

■ Evidence of this sort clearly invites the jury to nullify the law, and has no relevance to whether defendant has committed the offenses in question. *United States v. Drefke*, 707 F.2d 978 (8th Cir. 1983); *United States v. Wiley*, 503 F.2d 106 (8th Cir.1974). The motion is GRANTED.

*Conclusion*

In accordance with the foregoing opinion, the government's motion in limine is GRANTED IN PART and DENIED IN PART.