25 F.3d 1042
 73 A.F.T.R.2d 94-2157
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John L. SASSCER, Defendant-Appellant.
 No. 92-5113.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 29, 1993.
Decided May 31, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior Judge, sitting by designation. (CR-90-68-B)
 Lowell H. Becraft, Jr., Huntsville, AL, for appellant.
 Richard D. Bennett, U.S. Atty., Beth P. Gesner, Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Following a jury trial, John L. Sasscer was convicted on three counts of failure to file federal income tax returns. Sasscer appeals his conviction, contending that the district court committed reversible error by limiting his testimony, excluding the testimony of a defense witness, and refusing to give certain requested jury instructions. Because we find that Sasscer's claims are without merit, we affirm his convictions.
 
 
 2
 In February 1990, a federal grand jury indicted Sasscer for failure to file federal income tax returns for 1984 through 1986, in violation of 26 U.S.C.A. Sec. 7203 (West 1985 & Supp.1992).[1] Sasscer's first trial ended in a mistrial. Before Sasscer's second trial, the Government filed a Motion in Limine to prevent Wayne Bentson, a self-proclaimed "access professional"[2] who testified for the defense at Sasscer's first trial, from testifying at his second trial. The district court granted the motion on the ground that Bentson's testimony was irrelevant.
 
 
 3
 Sasscer testified at his second trial that, after his 1982 conviction for failure to file income tax returns, he began to study the Internal Revenue Code, case law, articles, and other materials and, based on these sources, determined that he was not required to file income tax returns. The district court allowed Sasscer to introduce approximately 100 documents on which he relied,[3] in addition to the other exhibits introduced, but refused to allow him to testify how he relied on each individually. Instead, the district court allowed Sasscer to review approximately forty documents on the stand and allowed counsel to refer to the remaining documents in closing arguments.
 
 
 4
 After the close of evidence, the court held a charge conference at which Sasscer asked the court to read three sections of the Internal Revenue Code to the jury, claiming these instructions were essential to his defense theory. The district court refused. The jury found Sasscer guilty on all three counts of the indictment. Sasscer timely appealed.
 
 I. Limitation of Testimony
 
 5
 To show that a defendant willfully violated 26 U.S.C.A. Sec. 7203, the Government must "prove that the law imposed a duty on the defendant [to file a tax return], that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." Cheek v. United States, 59 U.S.L.W. 4049, 4052 (U.S.1991). A defendant may not be found guilty of violating Sec. 7203 if he was unaware of his duty to file a tax return or, because he misunderstood the law, he had a good faith belief that he was not obligated to file a return. Id.
 
 
 6
 Sasscer admitted that he failed to file tax returns for the years 1984 to 1986. He claimed, however, that he had a good faith belief that he was not obligated to file returns. To prove this, he planned to present at his second trial a plethora of cases, statutory provisions, articles, and other documents and testify how he relied on each and every one to reach his conclusion. Anticipating this, the Government requested that the court limit the number of exhibits Sasscer could present. The court waited until Sasscer began testifying to decide whether to exclude any evidence. At that point, finding that Sasscer's testimony would be cumulative and confusing to the jury if he proceeded to explain his reliance on each document, the court allowed him to testify with particularity about forty documents, to testify generally about his reliance on broad categories of materials, and to introduce into evidence the approximately 100 documents on which he relied. Sasscer contends that the district court erred by restricting his testimony in this manner.
 
 
 7
 Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded if its probative value is substantially out weighed by the danger of, among other things, confusion of the issues or needless presentation of cumulative evidence. Absent abuse of discretion, this Court will not disturb a district court's decision to exclude testimony based on the Rule 403 criteria.[4] United States v. Penello, 668 F.2d 789, 790 (4th Cir.1982).
 
 
 8
 The district court in this case did not exceed its discretion by limiting Sasscer's specific reliance testimony. See United States v. Mann, 884 F.2d 532, 538 (10th Cir.1989); United States v. Kraeger, 711 F.2d 6, 8 (2d Cir.1983). In addition to allowing Sasscer to testify that he relied on cases and other documents to formulate his belief that he was not obligated to file tax returns, the court allowed Sasscer to introduce into evidence the actual reliance documents. The court even allowed Sasscer to explain many of the documents individually and how he relied on them. Only after hours of testimony, when it became apparent to the court that Sasscer was describing case after case on the witness stand and planned to continue testifying in this manner about each of his approximately 100 documents, did the court determine that the testimony was cumulative and could confuse the jury and therefore limited Sasscer's testimony.
 
 
 9
 In support of his argument that the district court should have let him testify with particularity about his reliance on each exhibit, Sasscer cites several cases stating that it is error to exclude defense testimony. In each case, however, the trial court prevented any testimony on the matter the defendant sought to introduce. We therefore find these cases distinguishable and unpersuasive.
 
 II. Exclusion of Bentson's Testimony
 
 10
 Sasscer also claims that the district court committed reversible error by granting the Government's Motion in Limine to exclude the testimony of defense witness Wayne Bentson. Sasscer intended to use Bentson's testimony to impeach Government witness Veronica Dougherty, an Internal Revenue Service ("IRS") Service Center representative. Sasscer intended to show through Bentson's testimony that the IRS records contained codes that were subject to differing interpretations and, according to Bentson, indicated that the IRS did not think Sasscer was obligated to file tax returns.
 
 
 11
 Rule 402 of the Federal Rules of Evidence provides in part that "[e]vidence that is not relevant is not admissible." Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. The district court has broad discretion to determine whether evidence is relevant. See United States v. Fernandez, 913 F.2d 148, 155 (4th Cir.1990).
 
 
 12
 To establish that Sasscer had violated 26 U.S.C.A. Sec. 7203, the Government had to show that (1) Sasscer was required to file an income tax return, (2) he failed to do so, and (3) the failure to file was willful. See Cheek, 59 U.S.L.W. at 4052; United States v. Gorman, 393 F.2d 209, 213 (7th Cir.), cert. denied, 393 U.S. 832 (1968). To be relevant, Bentson's testimony would have to have some bearing on one of these three elements. Sasscer admitted he had not filed tax returns for the years in question. Therefore, to be admissible, Bentson's testimony had to be relevant to the issues of whether Sasscer was required to file an income tax return and whether his failure to file was willful.
 
 
 13
 Bentson's testimony was not relevant to these issues. Bentson planned to testify only about Sasscer's Individual Master File and his interpretation that the file revealed that the IRS collection branch did not think Sasscer was obligated to submit tax returns. Sasscer did not claim he relied on this file in determining that he was not obligated to submit tax returns. Moreover, the collection branch's belief concerning his duty to file was not relevant to whether he was obligated to file a return under Sec. 7203. Accordingly, the district court did not abuse its discretion by barring Bentson's testimony.
 
 III. Jury Instructions
 
 14
 A defendant, upon request, is entitled to an instruction submitting to the jury any theory of defense for which there is a foundation in the evidence. United States v. Hicks, 748 F.2d 854, 857 (4th Cir.1984). Sasscer contends that the district court committed reversible error by failing to read Internal Revenue Code Secs. 6001 & 6011 as jury instructions, as well as the definition of "withholding agent" in Sec. 7701(a)(16).
 
 
 15
 As stated earlier, the Government had to prove that Sasscer was obligated to file a tax return as the first of three elements necessary to prove a Sec. 7203 violation. The court instructed the jury that it would have to find that Sasscer's gross income exceeded $5400 in 1984, $5620 in 1985, and $5830 in 1986, in order to conclude that the Government met this element. Sasscer does not challenge this instruction, but argues that the district court should have readSecs. 6001 and 6011 to the jury because these sections state that persons liable for taxes must submit returns and Sasscer's conclusion that he was not obligated to file returns was based on his finding that he was not liable for taxes under these code sections. Furthermore, Sasscer wanted the district court to read to the jury the definition of "withholding agent" in Sec. 7701(a)(16). Relying upon this definition, Sasscer concluded that Consolidated Edison Company of New York ("Con Ed") was a withholding agent, and on this basis decided not to file returns for his Con Ed dividend payments, apparently believing that Con Ed was responsible for withholding from his dividend payments any taxes owed. Sasscer failed to show on appeal that these provisions were relevant to the issue of his gross income for the relevant years. We find that the district court properly instructed the jury on the duty to file element of the offense.
 
 
 16
 Sasscer also requested that these code sections be read as jury instructions because he was attempting to show that his reliance on these provisions to reach his conclusions about his responsibility to file tax returns was reasonable. This was not necessary, because the judge gave the jury Sasscer's general instruction on good faith. Considering the jury instructions as a whole, we find that they adequately covered the issues presented, and the district court did not exceed its discretion by failing to read the requested code sections to the jury. See United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1992); United States v. Figueroa, 900 F.2d 1211, 1216 (8th Cir.), cert. denied, 496 U.S. 942 (1990).
 
 CONCLUSION
 
 17
 The district court did not abuse its discretion by limiting Sasscer's testimony, granting the Government's Motion in Limine, or refusing to read certain statutory provisions as jury instructions. We therefore affirm Sasscer's convictions. We deny his "Motion to Supplement Record on Appeal" and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Sasscer had been convicted in 1982 of failure to file income tax returns for 1976 and 1977
 
 
 [2]
 Bentson's profession involved requesting and interpreting government documents on behalf of his clients
 
 
 [3]
 These materials included an estimated forty cases, forty sections of the Internal Revenue Code (plus two complete copies of the Internal Revenue Code), many books and articles, correspondence between Sasscer and the Internal Revenue Service, and an advice letter from an accountant
 
 
 [4]
 Sasscer questions the applicability of Rule 403 to his proffered testimony. However, this Court applies the Rule 403 criteria in determining the propriety of allowing or excluding testimony. United States v. Jones, 913 F.2d 174, 177 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3482 (U.S.1991); United States v. Garrison, 849 F.2d 103, 107 (4th Cir.), cert. denied, 488 U.S. 996 (1988)