07-3682-cr
United States v. Ellett

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term 2007

(Argued: May 16, 2008          Decided: May 23, 2008)

Docket No. 07-3682-cr

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                    Appellee,

          - v.-

JAMES ELLETT,

                    Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

     Before:        JACOBS, Chief Judge; MINER, Circuit
                    Judge; McAVOY, District Judge.[1]


     Defendant-Appellant James Ellett appeals from the

judgment of the United States District Court for the

Northern District of New York (Hurd, J.), convicting him,

after a jury trial, of four counts of income tax evasion and

one count of failure to file an income tax return.  We hold

---

[1] The Honorable Thomas J. McAvoy of the United States
District Court for the Northern District of New York,
sitting by designation.

that due process did not require that Ellett be given the opportunity to litigate his tax position civilly or administratively before being prosecuted for tax evasion. Affirmed.

RONALD JAY COHEN, Cohen, Estis & Associates, LLP, Goshen, NY, for Defendant-Appellant.

PAUL D. SILVER, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, Northern District of New York, on the brief; Sara Lord, Brenda K. Sannes, Assistant United States Attorneys, of counsel), United States Attorney's Office for the Northern District of New York, Albany, NY, for Appellee.

PER CURIAM:

Defendant-Appellant James Ellett appeals from the judgment of the United States District Court for the Northern District of New York (Hurd, J.), convicting him, after a jury trial, on five tax counts.  On appeal, Ellett contends that due process required that he be given the opportunity to litigate his tax position civilly or administratively before being prosecuted for tax evasion. We reject that argument in this opinion.  In a separate summary order filed today, we reject Ellett's other

challenges to his conviction.[2]  We therefore affirm the judgment below.

**BACKGROUND**

Ellett was indicted in the Northern District of New York on September 14, 2006 for three counts of income tax evasion for tax years 2000-2002, in violation of 26 U.S.C. § 7201.  A superseding indictment filed on February 2, 2007 added two counts: tax evasion for tax year 2003, in violation of 26 U.S.C. § 7201, and misdemeanor failure to file for tax year 2004, in violation of 26 U.S.C. § 7203. The district court rejected Ellett's requests to dismiss the superseding indictment.

The evidence at trial showed that beginning in 1989 Ellett worked as a skilled mechanic at a public gas and utility company.  He received wages and overtime

---

[2] In the summary order we reject arguments concerning: (1) the exclusion of legal materials that Ellett claims to have relied upon in forming the view that tax laws were invalid; (2) the exclusion of an IRS agent's tax worksheets and the denial of an adjournment to allow the defense to review another agent's calculations; (3) the admission of evidence of Ellett's prior federal and state tax history; (4) the alleged violation of Brady v. Maryland, 373 U.S. 83 (1963); (5) the delayed filing of the superseding indictment; and (6) the tone and volume used in delivering the jury charge.

compensation and regularly filed federal and state income tax returns until 1994. That year, at a co-worker's urging, Ellett read Vultures in Eagle's Clothing: Lawfully Breaking Free From Ignorance Related Slavery (1997), a publication by Lynne Meredith that instructs readers how to "LAWFULLY STOP!!! PAYING INCOME TAXES" based on fanciful analyses of the tax laws.

From May 1996 through tax year 2004, Ellett filed an "In Lieu of Form W-4" form (modeled after a sample form included in Vultures), which directed his employer to withhold zero dollars from his income. Thus, although Ellett earned between $64,000 and $102,000 per year in the period 2000-03, his federal withholding was zero. In the latter half of 2004, at the IRS's instruction, Ellett's employer began withholding taxes from his wages, with the result that $8,251 was withheld for 2004 on income of $73,376. Ellett did not file federal income tax returns for the 2003 and 2004 tax years. In all, Ellett failed to pay over $64,000 in federal income taxes from 2000 through 2004.

Ellett sought to persuade the jury that the prosecution did not prove the willfulness element of tax evasion, because he sincerely believed that, as a native of one of

4

the 50 states who worked for a private employer, he was exercising a "nontaxable right" to engage in labor. Ellett testified that he formulated this belief by reading portions of Vultures in Eagle's Clothing at least one hundred times and by spending hours researching the topic in a law library. On cross-examination Ellett conceded that he knew any tax professional would have disagreed with him (so he never consulted one) and that he was aware that the Supreme Court has upheld the constitutionality of the federal income tax.

The government undertook to prove willfulness by showing that the IRS had notified Ellett that his legal position had been "rejected repeatedly as frivolous and without merit by the federal courts." Other evidence showed that the New York State Department of Taxation informed Ellett that his legal position was "obviously incorrect" and that it "has been rejected and deemed frivolous by the Tax Appeals Tribunal and federal courts."

The jury found Ellett guilty on all five counts of the superseding indictment. The district court denied Ellett's motions for judgment of acquittal and for a new trial, and on August 10, 2007, sentenced Ellett principally to 18

months' imprisonment.

**DISCUSSION**

Ellett argues that due process required that he be given the opportunity to litigate his tax position civilly or administratively before being prosecuted for tax evasion.

"The elements of tax evasion [under 26 U.S.C. § 7201] are willfulness, the existence of a tax deficiency and an affirmative act of evasion, all of which the government must prove." United States v. Plitman, 194 F.3d 59, 65 (2d Cir. 1999); see United States v. Helmsley, 941 F.2d 71, 97 (2d Cir. 1991) (explaining that the jury must "find a substantial tax deficiency").

The government therefore was required to establish the existence of a substantial tax deficiency beyond a reasonable doubt. To do that, Ellett contends, the government was first required to adjudicate his income tax exemption claim either civilly or administratively. It is undisputed that the Internal Revenue Service never formally audited Ellett and that the United States Tax Court therefore has never ruled on what Ellett believes to be the central legal issue of this case, namely, whether a citizen

6

of one of the 50 states who works for a private employer is subject to the federal income tax.

Ellett misunderstands the tax deficiency element of tax evasion. A tax deficiency arises by operation of law the date a tax return is due but not filed; no formal demand or assessment is required. See 26 U.S.C. § 6151(a) ("[W]hen a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice or demand from the Secretary . . . pay such tax at the time and place fixed for filing the return . . . ." (emphasis added)); id. § 6072(a) (requiring annual tax returns to be filed on or before April 15). Tax liability therefore comes into being as of April 15. A tax deficiency notice "merely reminds the taxpayer of his duty to pay a tax debt already due[, it] does not create that liability." United States v. Voorhies, 658 F.2d 710, 714 (9th Cir. 1981) (internal quotation marks and alterations omitted).

Accordingly, the government is not required to obtain a civil or administrative determination of a tax deficiency in order to establish the existence of a substantial tax deficiency beyond a reasonable doubt. We join the First,

7

Sixth, Seventh and Ninth Circuits in holding that due process does not require the government to adjudicate tax disputes civilly or administratively before proceeding to criminal prosecution for tax evasion. See United States v. Daniel, 956 F.2d 540, 542 (6th Cir. 1992); United States v. Hogan, 861 F.2d 312, 315-16 (1st Cir. 1988); United States v. Dack, 747 F.2d 1172, 1174-75 (7th Cir. 1984); Voorhies, 658 F.2d at 715 (per curiam). Ellett's criminal prosecution was not unlawfully premature.

**CONCLUSION**

For the foregoing reasons, and for the additional reasons discussed in our accompanying summary order, we affirm the judgment of conviction below.

8