09-3114-cr
United States v. Drachenberg

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Submitted: October 13, 2010                    Decided: October 22, 2010)

Docket No. 09-3114-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.

RICHARD R. DRACHENBERG,

*Defendant-Appellant*.

_____

Before: KEARSE, POOLER, and HALL, *Circuit Judges*.

Appeal from a judgment of United States District Court for the Western District of New York (Arcara, *C.J.*) dated July 20, 2009, convicting Richard R. Drachenberg of conspiring to evade income taxes.  We find that the United States government had jurisdiction to prosecute Appellant in New York for actions taken in furtherance of a conspiracy to evade income taxes, and conclude that Appellant's tax protestor arguments are frivolous.

Affirmed.

_____

MONICA J. RICHARDS, Assistant United States Attorney, *of counsel* (William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY), *for Appellee*.

RICHARD RAY DRACHENBERG, *pro se*, Loretto, PA, *for Defendant-Appellant*.

PER CURIAM:

**BACKGROUND**

This case was commenced on April 12, 2007, by indictment charging Richard R. Drachenberg's wife, Patricia O'Connor, with five counts of violating 26 U.S.C. § 7201 for, inter alia, failing to pay income taxes for calendar years 2000 through 2004, and charging both Drachenberg and O'Connor with one count of violating 18 U.S.C. § 371, for conspiracy to defraud the United States. The conspiracy charges arose from Drachenberg's participation in the creation of two entities, "Universal Solutions" and "Golden Eagle d/b/a The Angelica Group," both of which were designed to collect and conceal Drachenberg and O'Connor's income at different points from 1996 to 2007.

On February 9, 2009, Drachenberg was convicted for his role in the conspiracy. He was sentenced principally to a term of 40 months in prison. The district court entered final judgment on July 20, 2009, and Drachenberg appealed.

On appeal, Drachenberg argues, inter alia, that:

> The record reflects that there has been no cession of title and jurisdiction by New York or Colorado to the United States for the locations where Appellant and O'Connor live, work and are alleged to have committed the acts constituting alleged violations of Titles 26 and 18 USC, nor any acceptance of jurisdiction by the United States; thus the United States is in want of legislative jurisdiction, and therefore the putative plaintiff United States, Internal Revenue Service "IRS," and USDC acted without jurisdiction to investigate, indict, try, convict or sentence Appellant and O'Connor.

Drachenberg further asserts that "On or about March 31, A.D. 2000, Appellant and O'Connor determined their lawful status and ceased all presumed association with or participation in the United States corporate body politic." And "on or about the day of September 16, A.D. 2001, as a matter of natural right—and pursuant to the general premises of the law of nations, [and] law

2

established by Congress . . . Appellant and O'Connor notified the government and IRS that Appellant and O'Connor are not citizens or residents of the United States, as well as of the fraud involved in proceeding upon the presumption that Appellant and O'Connor are citizens or residents . . . ." Drachenberg claims that the district court committed error in disregarding these arguments and in "prevent[ing] Appellant and O'Connor from introducing evidence into the record from the New York State Archives of the cessions of title and jurisdiction over property by New York to the United States." In short, Drachenberg opines that New York is not "subject to the legislative or territorial jurisdiction of the United States," and therefore, since he was "native-born in New York," he is under no obligation to pay income taxes unless and until the United States has "conquer[ed] or subsume[d] New York."

## DISCUSSION

Jurisdiction and venue are questions of law that we review de novo. *United States v. Kim*, 246 F.3d 186, 188 (2d Cir. 2001) (citation omitted). We have no difficulty concluding that Drachenberg's principal argument is as frivolous as it is hackneyed. *Accord United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999) ("These arguments, frivolous when first made, have been rejected in countless cases. They are no longer merely frivolous; they are frivolous squared."); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) ("Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation. . . . [I]t defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case against defendant." (citation omitted)).

The district courts of the United States "have original jurisdiction, exclusive of the courts

3

of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Appellant was convicted of such an offense—namely, conspiracy to defraud the United States in violation of to 18 U.S.C. § 371. Congress obviously had authority to enact the statute relevant here. Further, the object of Appellant's conspiracy was to evade or defeat federal taxes. The United States Constitution gives Congress "the power to lay and collect taxes, duties, imposts and excises, " U.S. Const. art. I, § 8, cl. 1, including "taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration," U.S. Const. amend. XVI. The Constitution further gives Congress the power "to make all laws which shall be necessary and proper for carrying into execution" its powers, U.S. Const. art. I, § 8, cl. 18, including the power to criminalize tax evasion and the conspiracy to evade taxes. (Although Drachenberg received some income from 1997 through 2000, the conspiracy principally involved the tax liability of his wife.) In sum, the United States was not in want of jurisdiction.

As to Appellant's remaining arguments, we have considered them and find them to be equally meritless. First, the obligation to file a tax return and pay income tax applies to "[a]ny *person* required to . . . pay any estimated tax or tax" under Title 26 of the United States Code. 26 U.S.C. § 7203 (emphasis added). Relevant here, Title 26 defines "[t]he term 'person' . . . to include an individual," 26 U.S.C. § 7701(a)(1). Accordingly, since Appellant and O'Connor are individuals, who received income, the filing requirement plainly applies to them regardless of their purported citizenship. *Accord United States v. Sloan*, 939 F.2d 499, 499-501 (7th Cir. 1991) ("Like moths to a flame, some people find themselves irresistibly drawn to the tax protestor movement's illusory claim that there is no legal requirement to pay federal income tax. And, like

4

the moths, these people sometimes get burned."); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992).

Second, due process does not require the government to obtain an administrative determination of a tax deficiency before proceeding to criminal prosecution for tax evasion. *United States v. Ellett*, 527 F.3d 38, 40-41 (2d Cir. 2008) (citing cases). A tax deficiency arises by operation of law on the date a tax return is due but not filed; no formal demand or assessment is required. *See* 26 U.S.C. § 6151(a) ("[W]hen a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary . . . pay such tax at the time and place fixed for filing the return . . . ."). Third, we have long held that "venue will lie wherever the attempt to evade taxes was begun, continued, or completed." *United States v. Slutsky*, 487 F.2d 832, 839 (2d Cir. 1973). Since, as evidence at trial indicated, Appellant's conduct took place primarily in Angelica, New York in Allegany County, which is within the jurisdiction of the United States District Court for the Western District of New York, *see* 28 U.S.C. § 112(d), the federal court in the Western District was an appropriate venue for his trial.

Fourth, on the facts of this case, that Drachenberg's arrest warrant did not itself contain a written oath or affirmation in support of probable cause is entirely irrelevant. As the Supreme Court has held, the Fourth Amendment's requirement that an arrest warrant be based upon "probable cause, supported by Oath or affirmation" is "a requirement that may be satisfied by an indictment returned by a grand jury." *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (citing cases). There is no question here that Appellant was indicted by a properly constituted grand jury and that the indictment was fair upon its face. The indictment, therefore, "conclusively determine[d]

5

the existence of probable cause and require[d] issuance of an arrest warrant without further inquiry." *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975) (citation omitted).

## CONCLUSION

For the foregoing reasons, the judgment is AFFIRMED.