18-3828 (L)
United States v. Weber

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-one.

**PRESENT:**
DEBRA ANN LIVINGTON,
*Chief Judge,*
JOSÉ A. CABRANES,
GERARD E. LYNCH,
*Circuit Judges.*

_____

United States of America,

      *Appellee,*

    v.                               18-3828 (L)
                                           19-476 (Con)

Charles Weber,

      *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:**        CHARLES WEBER, *pro se*, Amherst, NY. Robert J. Boyle, New York, NY (*on the brief*).

**FOR APPELLEE:**        KATHERINE A. GREGORY, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney

for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Charles Weber ("Weber") appeals from a judgment in the United States District Court for the Western District of New York (Arcara, *J.*) entered on February 12, 2019, after a jury found Weber guilty of making and subscribing false statements on his 2006 and 2007 tax returns, in violation of 26 U.S.C. § 7206(1). Weber was charged with falsely claiming that he was a nonresident alien who did not earn business income in the United States. At trial Weber argued*, inter alia*, that he had a good-faith belief that these statements were correct. The essence of his argument was that he believed he was a citizen of New York, and not of the United States, when he submitted his returns in 2009. Weber, with the help of standby counsel, proceeded *pro se* at trial. On appeal, he submitted both a counseled brief and a supplemental *pro se* brief. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.    **Evidentiary Rulings**

We review evidentiary rulings for abuse of discretion, reversing only for "manifest error," and only where that error was not harmless. *United States v. Miller*, 626 F.3d 682, 687–88 (2d Cir. 2010) (internal quotation marks omitted). Under Federal Rule of Evidence 403, a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "We

afford great deference to the district court's balancing under Rule 403," and we will overrule it only if we find the district court's decision "arbitrary and irrational." *United States v. Desposito*, 704 F.3d 221, 234 (2d Cir. 2013).

Weber argues that the district court erred by not permitting him to discuss the content of certain legal cases, which he claimed influenced his beliefs about taxation in 2009. Weber also contends that the district court erred by not permitting him to enter these cases, various constitutional provisions, and other legal documents and analysis into evidence. In his view, the excluded evidence would have shown that his beliefs about his citizenship had an arguable basis in law, and thus would have supported a finding that he held his beliefs in good faith.

In previous cases, we have found no abuse of discretion where a district court excluded certain documentary evidence, such as federal court decisions, that a defendant argued served as the basis of his opinions about tax law. *United States v. Kraeger*, 711 F.2d 6, 7 (2d Cir. 1983) (per curiam). In doing so, we have explained that such evidence "is likely to confuse a jury on the distinction between questions of law, which are for the court to decide, and questions of fact, which are for the jury." *Id*. at 8. We have also considered whether the district court nonetheless permitted the defendant to testify about other aspects of this documentary evidence, such as the extent of his research and the effect that the legal opinions had on his beliefs. *See also United States v. Gilmartin*, 684 Fed. App'x 8, 10 (2d Cir. 2017) (concluding that the district court did not abuse its discretion in excluding materials concerning the "voluntary nature" of filing tax returns and excerpts from the Internal Revenue Code, where the court nonetheless permitted the defendant to testify about the documents and the basis of his understanding of the tax laws, as this documentary evidence had the potential to confuse the jury). Here, Weber testified at length

about how he formed his views in 2009, including the effect of a series of cases on his mental state at that time.  Moreover, the additional materials posed a significant risk of confusing the jury about the legal mechanics of taxation and about its role as finder of fact.  Accordingly, the district court's rulings were not "arbitrary and irrational."  *Desposito*, 704 F.3d at 234.

Weber's contention that the district court erred by limiting his cross-examination and directing some of the witnesses' responses is also without merit.  The district court permitted Weber significant leeway in cross-examination.  For example, the district court allowed Weber to ask his former accountant questions about the creation of the federal government, as well as seek concessions regarding his legal theories from government witnesses.   The district court also did not deny Weber an opportunity to rephrase a question that it had found to be argumentative.  The court's direction to certain witnesses that they could respond that they did not know an answer or did not understand a question was not improper either, but instead provided necessary information to these witnesses, keeping the trial moving along efficiently.  Nor did the district court err when it generally limited Weber to discussing his beliefs about the law through the time that he filed his 2007 tax return.  Weber's research after that time had little—if any—bearing on his mental state when he filed the returns.

## II.    Jury Instructions

Where, as here, a defendant failed to timely object to a jury instruction, we review the instruction for plain error.  *United States v. Nouri*, 711 F.3d 129, 138 (2d Cir. 2013).  A criminal defendant is entitled to jury instructions that "adequately apprise the jury of the elements of the crime charged and their defense," so long as that defense has "a basis in law and in the evidence." *United States v. Evangelista*, 122 F.3d 112, 116 (2d Cir. 1997) (internal quotation marks and

4

alterations omitted). Weber argues that the district court's jury instructions misstated the law regarding the willfulness element of the charged offense and his good-faith defense. We disagree.

Under § 7206, the government was required to prove that Weber "[w]illfully" made statements on his tax return which he "d[id] not believe to be true and correct as to every material matter." 26 U.S.C. § 7206(1). To carry this burden, the government accordingly needed to "negat[e the] defendant's claim" that he "had a good-faith belief that he was not violating any of the provisions of the tax laws." *Cheek v. United States*, 498 U.S. 192, 202 (1991). While a defendant's good-faith reason need not be objectively reasonable, the objective reasonableness of a claimed belief may be probative of whether the defendant held the belief in good faith. *Id.* at 203–04; c*f. United States v. Droge*, 961 F.2d 1030, 1038 (2d Cir. 1992) (observing that the jury was properly instructed to determine whether the defendant "actually believed that he was not required to file a return or pay taxes"). Moreover, unlike "innocent mistakes caused by the complexity of the Internal Revenue Code" which may support a good-faith defense, "[c]laims that some of the provisions of the tax code are unconstitutional" cannot because "they reveal full knowledge of the provisions at issue," notwithstanding the defendant's belief that those provisions are "invalid and unenforceable." *Cheek*, 498 U.S. at 205.

Here, the district court instructed the jury that it could not find that Weber acted willfully if he had a good-faith belief that he was not violating the law, even if that belief was irrational. Second, the court explained that the reasonableness of a claimed belief may be probative of whether it was held in good faith. Third, the court instructed the jury that it could find that Weber acted willfully if it found that he had a good-faith misapprehension about the law's validity, instead of its contents. Accordingly, these instructions conveyed the correct legal standard and

5

adequately informed the jury of the *mens rea* required under the case law. *See id.* at 201.

## III. Prosecutorial Misconduct

"Inappropriate prosecutorial comments, standing alone, [do] not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *Evangelista*, 122 F.3d at 120 (internal quotation marks and alterations omitted). Instead, "such remarks must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error." *Id.* In determining prejudice, we consider "(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction absent the improper statements." *United States v. Thomas*, 377 F.3d 232, 245 (2d Cir. 2004).

Here, Weber argues that the trial was unfair because prosecutors made several supposedly inappropriate comments during the trial. Specifically, he argues that prosecutors improperly described his research as having an "angle," that they suggested his research was skewed by the criminal investigation, and that they referred to his belief that he was entitled to many benefits of citizenship while being exempt from taxes, as well as his inability to remember certain aspects of his research, as "convenient." We need not address the substance of Weber's claim, however, because even assuming *arguendo* that each one of these statements was inappropriate, they do not collectively rise to the level of "severe" misconduct, but rather would constitute, at best, "aberration[s] in an otherwise fair proceeding." *Id.* (internal quotation marks omitted). Furthermore, the district court mitigated any risk of prejudice in its jury instructions, which made clear that statements made by counsel during trial are not evidence. *See id.*

As to Weber's remaining prosecutorial misconduct claims, we cannot evaluate Weber's claim that the government mischaracterized his mother's testimony, or that the district court

improperly interrupted his cross-examination of a witness from the New York Department of Education, because a transcript of that testimony is not in the record. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam) (dismissing portion of appeal with prejudice where *pro se* appellant failed to provide this Court with the trial transcripts needed for meaningful appellate review). In any case, we have little reason to believe that these claims are meritorious, given their barebones development in Weber's brief. We further reject Weber's argument that the government mischaracterized other evidence. In effect, Weber invites the Court to accept his mistaken premise that New York is a country and that there is a distinction between an "American" or New York citizen and a "United States citizen," which we have repeatedly declined to do. *See, e.g.*, *United States v. Drachenberg*, 623 F.3d 122, 124 (2d Cir. 2010).

## IV. Remaining Issues

Finally, we review questions of law *de novo*, including jurisdictional questions, and questions concerning the preclusive effect of state-court decisions. *See id.*; *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 156-57 (2d Cir. 2017). To the extent that Weber reiterates on appeal that he is not a citizen of the United States, and that he therefore is not required to pay federal income taxes and is not subject to the jurisdiction of federal courts, these arguments are wholly meritless and do not provide a basis for Weber to challenge his conviction. *See Drachenberg*, 623 F.3d at 124 (rejecting as frivolous argument that the district court lacked jurisdiction because the defendant was a citizen of New York); *Ficalora v. Comm'r of Internal Revenue*, 751 F.2d 85, 87 (2d Cir. 1984) (rejecting constitutional challenge to Congress's authority to impose income taxes); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (describing argument that defendant was a citizen of the "sovereign state" of Idaho, rather than the United

7

States, as "patently frivolous").  Weber's argument that the district court was required to give preclusive effect to a state court decision is also unavailing.  The state decision, which granted Weber's petition to change his name from "CHARLES WEBER" to "Charles Weber," is irrelevant to the present case, as it has no bearing on citizenship.

We have considered all of Weber's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court