23-1201-cv
*Beaudry v. Clay Lacy Aviation, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-four.

PRESENT:     PIERRE N. LEVAL,
             SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN,
                 *Circuit Judges.*

_____

BRIAN R. BEAUDRY,

    *Plaintiff-Appellant*,

      v.                                                    No. 23-1201-cv

CLAY LACY AVIATION, INC.,

    *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:              BRIAN R. BEAUDRY, Fremont,
                                      NH.

FOR DEFENDANT-APPELLEE:                    CHRISTY E. JACHIMOWSKI, Lewis
                                           Brisbois Bisgaard & Smith LLP,
                                           Hartford, CT.


Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2022, plaintiff-appellant Brian Beaudry, proceeding pro se, sued his employer, defendant-appellee Clay Lacy Aviation, Inc. ("CLA"), alleging that CLA was unlawfully withholding income taxes from his compensation. Beaudry sought injunctive relief and damages. CLA moved to dismiss. The district court granted CLA's motion to dismiss, reasoning that Beaudry failed to state a claim because he could not sue his employer for complying with its obligation under federal law to withhold federal income taxes.

On appeal, Beaudry contends primarily that the district court mischaracterized his complaint as seeking a tax refund, when his claim was that CLA, which he argues was the correct defendant, violated the law by continuing to withhold taxes on his compensation after he sent written notice instructing CLA to stop. He also contends that the district court should have granted him leave to amend his complaint before dismissal.[1] We assume the parties' familiarity with the facts, procedural history, and issues on appeal, to

---

[1] Because Beaudry does not pursue either his claim for injunctive relief or his criminal and constitutional claims on appeal, we consider those claims abandoned. See LoSacco v. City of Middletown, 71 F.3d 88, 92–93 (2d Cir. 1995) (Issues not addressed in an appellate brief are forfeited, even if appellant is proceeding pro se.).

2

which we refer only as necessary to explain our decision to affirm.

"We review <u>de novo</u> a district court's dismissal of a complaint pursuant to Rule 12(b)(6)," accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. <u>Bruce Katz, M.D., P.C. v. Focus Forward, LLC</u>, 22 F.4th 368, 370 (2d Cir. 2022) (per curiam) (citation and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

Accepting Beaudry's framing of his central claim on appeal, we conclude that it is without merit. The Internal Revenue Code requires employers to withhold taxes, and provides that the employer "shall not be liable to any person for the amount of any such payment." 26 U.S.C. § 3403; <u>see also</u> <u>Plazzi v. FedEx Ground Package Sys., Inc.</u>, 52 F.4th 1, 5 (1st Cir. 2022) ("These provisions ensure that an employer is not liable to an employee for complying with its legal duty to withhold tax . . . ." (citation and quotation marks omitted)). To the extent Beaudry sought the recovery of income tax withheld, he should have exhausted his administrative remedies before filing a claim in federal court. <u>See</u> 26 U.S.C. § 7422(a); <u>United States v. Williams</u>, 514 U.S. 527, 533 (1995) ("It is undisputed that § 7422 requires administrative exhaustion.").

Moreover, Beaudry's argument is based on a misreading of the Internal Revenue Code. The statute upon which he relies, 26 U.S.C. § 3402(p)(3)(A), addresses voluntary agreements to withhold <u>non-wage</u> income, not the mandatory withholding that applies to

3

wages; the corresponding regulation, 26 C.F.R. § 31.3402(p)-1(b)(2), provides a process by which an employee's previously given consent for voluntary withholding can be revoked upon signed written notice. Beaudry's claim that he did not count as an employee because his employment did not occur within certain enumerated federal enclaves is "wholly frivolous." United States v. Cooper, 170 F.3d 691, 691 (7th Cir. 1999); see also United States v. Drachenberg, 623 F.3d 122, 124 (2d Cir. 2010) (per curiam) (describing as meritless a similar argument that tax filing requirements do not apply to citizens of New York State). Furthermore, CLA's withholding of taxes from Beaudry's income was based not on a voluntary agreement, but on federal law. Accordingly, to the extent Beaudry sought to amend his complaint to plead this theory, amendment would have been futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Beaudry's remaining arguments are either abandoned or meritless. Accordingly, we **AFFIRM** the judgment of the district court.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] In its response brief, CLA requests that we sanction Beaudry for filing a frivolous appeal. But a request for sanctions must be made in a "separately filed motion," not in a response brief. Fed. R. App. P. 38. Accordingly, the request is denied.